■ In the Matter of MICHELLE NAZARIAN, Respondent, v MONACO IMPORTS, LTD., Appellant. [680 NYS2d 252] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about June 8, 1998, which denied Monaco's application pursuant to CPLR 5015 (a) to vacate a default judgment in the sum of $149,453.32 entered against it on March 26, 1998, unanimously modified, on the law and the facts, so as to direct a hearing on the issues of whether the provision in the income execution for a deduction of $110,898 is proper, and for a determination as to whether Jacob Nazarian is still employed by or affiliated with Monaco Imports since May 6, 1998, and as so modified, affirmed, with costs payable to petitioner, and the matter remanded to Supreme Court, New York County, for further proceedings consistent herewith.

This proceeding concerns an attempt by petitioner Michelle Nazarian to enforce a judgment for support arrears against her ex-husband, Jacob Nazarian, by income execution served upon respondent Monaco Imports (Monaco), a diamond seller whose principal, Mozaffar "Michael" Nazarian, is Jacob's brother.

Monaco failed to demonstrate excusable default under CPLR 5015 (a). Michael's affidavit in support of the application merely stated that Monaco had not received the income execution. This bare assertion is insufficient to rebut the sworn affidavit of the process server indicating that he personally served Monaco at its office by leaving it with an individual who refused to give his name, but who matches the description of Michael

Nazarian given when the petition was served. A process server's affidavit is prima facie evidence of proper service sufficient to withstand a naked denial of receipt of service (*Fairmount Funding v Stefansky*, 235 AD2d 213). Similarly, Michael's bare assertion that he did not recall ever having been served with the notice of petition fails to provide a basis for vacatur of the default in answering it.

Furthermore, Monaco has no right to challenge the inclusion of attorney's fees in the income execution, since CPLR 5241 (e) provides only that a debtor may assert a mistake of fact in the issuance of an income execution. Nor may Monaco rely upon CPLR 5242, since it is not Jacob's creditor.

However, although Monaco's default results in a waiver of its right to challenge the petitioner's claims up to May 6, 1998, the date of the application to vacate the default judgment, having on that date raised the issue, it is entitled to a hearing on the limited issue of whether Jacob has been employed by, or affiliated with, Monaco since May 6, 1998. Such continued affiliation would support a continuing obligation to deduct funds for support accruing since May 6, 1998.

Moreover, there appears to be a mistake in the income execution itself, since it provides for payment of $3,402 monthly in current support and $110,898 weekly for arrears. Inasmuch as the judgment of divorce contained a finding that Jacob earned in excess of $250,000 per year, an execution of $110,898 weekly for arrears is clearly disproportionate to his income. The amount claimed for weekly arrears must be reviewed so that Michelle is not seizing funds in excess of the statutory allowance. Therefore, clarification and/or modification by the IAS Court is necessary.

This modification of the IAS Court's order does not, however, affect the seizure of the inventory, which is to be credited against the outstanding judgment and any other arrears. Its effect is limited to any future income deductions. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.