■ JACOB HABERMAN, Appellant, v DAVID SIMON, Respondents. [755 NYS2d 596] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about March 18, 2002, which, in an action by a residential building owner for trespass and other wrongdoing, held defendants' motion to vacate the default judgment against them and plaintiff's motion for contempt involving its efforts to enforce the default judgment in abeyance pending receipt of a special referee's report on the issue of proper service of process, unanimously affirmed, without costs.

An issue of fact as to whether plaintiff's process server personally delivered the summons and complaint to defendant David Simon is raised by the latter's denial of such service and the description of him in the process server's affidavit as, among other things, five feet, four inches, when he claims to be five feet, 10 inches. If no such service was made, then the judgment would have to be vacated for lack of jurisdiction (CPLR 5015 [a] [4]), and the action dismissed not only against defendant David Simon but also against defendant Jeffrey Simon, against whom plaintiff claims jurisdiction under CPLR 308 (2) by reason of the service allegedly made on David (*see Feinstein v Bergner*, 48 NY2d 234, 241 [1979]; *Ananda Capital Partners v Stav Elec. Sys.*, 301 AD2d 430 [2003]). The record also leaves open the possibility that a person of suitable age and discretion within the meaning of CPLR 308 (2), other than David, was served. In that event, issues of fact would exist as to whether the required follow-up mailings were made, also material to deciding whether there is jurisdiction, and, if so, how and when defendants learned of the action, material to deciding whether the default judgment should be vacated pursuant to CPLR 5015 (a) (1) or 317 (*see Ananda* at 430-431). We have reviewed defendants' affidavits of merits and find them sufficient for purposes of CPLR 5015 (a) (1) and 317. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Marlow, JJ.