OPINION OF THE COURT
Memorandum.
Appeal from the order dated November 7, 2002 unanimously dismissed as superseded.
Order dated November 12, 2002 (M. Pinckney, J.) insofar as appealed from unanimously modified by vacating the provision which in effect denied tenant’s application to vacate the default final judgment and to be restored to possession on the ground of excusable default and the alleged meritorious defenses of laches and breach of the warranty of habitability, and by providing that tenant’s application on said grounds is remanded for determination after a hearing; as so modified, affirmed without costs.
Order dated November 12, 2002 (G. Lebovits, J.) unanimously affirmed without costs.
In this nonpayment proceeding, tenant was evicted pursuant to a final judgment entered upon her failure to appear in the proceeding. On the day of the eviction, November 4, 2002, tenant’s son came to court and submitted an application which sought, in effect, to vacate the default final judgment and warrant and to restore tenant to possession. On the return date of the order to show cause, November 7, 2002, tenant appeared pro se and orally advised the court that she had meritorious defenses, including payment and laches. The court denied the order to show cause without prejudice to renewal upon an affidavit by tenant setting forth her defenses.
*31 That same day, tenant renewed the application. In a supporting affidavit, tenant claimed that she had received no notice of the proceeding; that she had paid all the rent due; that landlord was overcharging her; and that there were conditions in the apartment warranting an abatement.
On the return date of tenant’s order to show cause, November 12, 2002, the Resolution Part (M. Pinckney, J.) transferred the case to the Housing Part Expediter for a hearing on tenant’s motion only regarding her defenses of payment and illegal rent, thus, in effect, denying the motion insofar as the requested relief was based on lack of jurisdiction, and excusable default and the alleged meritorious defenses of breach of the warranty of habitability and laches. The transfer order stated that no traverse hearing was to be held based on tenant’s statement in court that she had no knowledge regarding service because she worked as a live-in aide. At the hearing which followed, tenant attempted to show the court photographs of the conditions of the apartment and to testify with regard to the conditions, which included a leaky ceiling, an inoperable stove and roach infestation. However, tenant was not permitted to pursue this defense or the laches defense because the court had limited the issues to be tried. Landlord’s agent testified as to the rent owed based on “deemed” lease renewals (see Rent Stabilization Code [9 NYCRR] § 2523.5 [c] [2]). After determining the amounts tenant had paid to landlord, the court found that there was a small balance due at the time the proceeding was commenced and denied tenant’s motion to vacate the default final judgment and to be restored to possession insofar as such relief was based on the grounds of illegal rent and payment.
In our view, tenant’s oral admission that she could not challenge the propriety of the conspicuous-place service because she worked as a live-in aide and was not at home when the service was allegedly made provided a sufficient basis for the court to hold that service was proper and to direct that no traverse hearing be held (96 Pierrepont v Mauro, 304 AD2d 631 [2003]; De La Barrera v Handler, 290 AD2d 476, 477 [2002]). However, it did not provide a sufficient basis, absent a hearing, for finding that tenant did not have an excuse for the default based on her claim that she did not receive the service and to deny her a hearing on her alleged meritorious defenses of laches and breach of the warranty of habitability (Haberman v Simon, 303 AD2d 181 [2003]; Ananda Capital Partners v Stav Elec. Sys. [1994], 301 AD2d 430 [2003]). Accordingly, we modify the transfer or *32 der and remand tenant’s application for a hearing to determine whether she has an adequate excuse for the default and meritorious defenses of laches and/or breach of the warranty of habitability.
Inasmuch as we see no error in Judge Lebovits’ order finding that tenant failed to establish her claims of payment and illegal rent, we affirm said order.
Pesce, EJ, Golia and Rios, JJ., concur.