■ Ariel Ismailov et al., Respondents, v Cynthia Elaine Cohen, Defendant, and Floyd S. Walker, Appellant. [809 NYS2d 199]—

In an action to recover damages for personal injuries, the defendant Floyd S. Walker appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated November 28, 2003, as, in effect, denied his motion to vacate so much of an order of the same court dated June 2, 2003, granting that branch of the plaintiffs' motion which was for leave to enter judgment against him upon his default in answering, (2) from a judgment of the same court dated December 16, 2003, which, after an inquest on the issue of damages, is in favor of the plaintiffs and against him in the principal sum of $250,000, and (3) from an order of the same court dated July 15, 2004, which denied his motion, in effect, for leave to renew his prior motion to vacate the order dated June 2, 2003.

Ordered that the appeal from the order dated November 28, 2003, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated July 15, 2004, is reversed, on the law and as an exercise of discretion, without costs or disbursements, the motion of the defendant Floyd S. Walker, in effect, for leave to renew is granted, upon renewal, the motion of the defendant Floyd S. Walker to vacate so much of the order dated June 2, 2003, granting that branch of the plaintiffs' motion which was for leave to enter judgment against him upon his default in answering, is granted, the judgment dated December 16, 2003, is vacated, and the order dated November 28, 2003, is modified accordingly; and it is further,

Ordered that the appeal from the judgment is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated July 15, 2004.

The appeal from the intermediate order dated November 28, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that order are brought up for review on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs commenced this action to recover damages for personal injuries allegedly arising from an accident with a motor vehicle owned by the defendant Floyd S. Walker, and driven by the defendant Cynthia Elaine Cohen. When Walker and Cohen failed to answer or appear, the plaintiffs moved for leave to enter a default judgment as against both Walker and Cohen. Walker and Cohen (represented by the same counsel) subsequently moved to vacate their defaults. The Supreme Court granted the motion as to Cohen only, finding that Walker failed to demonstrate both a reasonable excuse for his default and a meritorious defense. Thereafter, Walker moved, in effect, for leave to renew. In support of his motion, Walker submitted an affidavit in which he averred that he did not live at the address at which personal service was purportedly effected upon him, that he did not match the description of the person served, and that he did not receive actual notice of the lawsuit until several days before he drafted his affidavit. Counsel for Walker submitted an affirmation wherein she averred that, due to time constraints, she submitted the prior motion to vacate without obtaining an affidavit from Walker, and had only recently contacted Walker to obtain the affidavit submitted in support of his motion, in effect, for leave to renew. The Supreme Court denied the motion. We reverse.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the motion, in effect, for leave to renew. In support of his motion, Walker dem-

onstrated that he was not served with process (*see* CPLR 5015 [a] [4]). Thus, his "default" was a nullity, as was the remedy the Supreme Court rendered in response, and vacatur of the judgment was required as a matter of law and due process even in the absence of a demonstration of a meritorious defense (*see Pelaez v Westchester Med. Ctr.*, 15 AD3d 375, 376 [2005]). Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.