■ EVANGELINE JOHNSON, Respondent, v KEVIN S. DEAS, Appellant. [819 NYS2d 751]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 21, 2005, which, in a personal injury action, granted plaintiff's motion for a default judgment, reversed, on the law, without costs, the default vacated and the matter remanded for a traverse hearing.

The affidavit of service, filed on October 20, 2004, states that defendant was served that day by delivery of a true copy of the summons and complaint with a person of suitable age and discretion, identified as a relative, "Maria Deas," at "defendant's actual dwelling house—usual place of abode" at 310 East 102nd Street, apartment 5B, New York, NY 10029. The affidavit of service further states that a second copy was mailed to defendant at the aforementioned address that same day.

On July 5, 2005, plaintiff moved for a default judgment. On August 3, 2005, defendant's counsel served a proposed answer to the complaint containing, inter alia, the defense of lack of personal jurisdiction, along with an affirmation in opposition to plaintiff's motion asserting that defendant had a reasonable excuse for not answering the complaint in a timely fashion and a meritorious defense. Specifically, defendant's counsel submitted a September 20, 2002 vacate order issued by the New York City Department of Buildings, a letter dated July 29, 2005 by the managing agent of the building, recent photographs of the padlocked building, and copies of envelopes addressed to the building marked "Return to Sender Vacant Unable to Forward" as evidence that the building has been continuously vacant since

September 20, 2002. Additionally, given that the summons, complaint, request for judicial intervention, and motion papers all list defendant's address as 318 East 100th Street, Apt. 1B, New York, New York 10029, where plaintiff herself also lives, defendant claims that service upon him at the vacant 102nd Street building was intentional.

"In order to successfully oppose a [motion for] default judgment, a defendant must demonstrate a justifiable excuse for his default and a meritorious defense" (*ICBC Broadcast Holdings-NY, Inc. v Prime Time Adv., Inc.*, 26 AD3d 239, 240 [2006]). However, where there is a defense of lack of personal jurisdiction, a defendant need not show a reasonable excuse and meritorious defense (*see Ortiz v Santiago*, 303 AD2d 1, 4 [2003]; *European Am. Bank v Legum*, 248 AD2d 206, 208 [1998]). While we agree with the dissent that the process server's affidavit constitutes prima facie evidence of proper service pursuant to CPLR 308 (2), defendant rebutted this presumption with facts demonstrating that process could not have been effected at the address specified in the affidavit of service (*see European Am. Bank & Trust Co. v Serota*, 242 AD2d 363 [1997]). Where, as here, the documentary evidence raises issues of fact as to proper service, the absence of defendant's sworn denial of service is not fatal. We also note defendant's counsel's affirmation that defendant *still* resides at 318 East 100th Street, New York, New York 10029 with plaintiff, which is based upon personal knowledge resulting from her own investigation, and also sufficient to warrant a traverse hearing. Concur—Saxe, J.P., Nardelli, Sweeny and Malone, JJ.

McGuire, J., dissents in a memorandum as follows: In my view, defendant failed to rebut plaintiff's prima facie showing of proper service. Accordingly, I respectfully dissent.

The affidavit of plaintiff's process server constituted prima facie evidence of proper service (*see Matter of Nazarian v Monaco Imports*, 255 AD2d 265 [1998]). To rebut this prima facie showing, defendant was required to submit a sworn, nonconclusory denial of service or swear to specific facts to rebut the statements in the process server's affidavit (*see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz*, 7 AD3d 459 [2004]; *Puco v DeFeo*, 296 AD2d 571 [2002]; *Simonds v Grobman*, 277 AD2d 369 [2000]). No affidavit from defendant was proffered in opposition to plaintiff's motion for leave to enter a default judgment. Moreover, neither the denial of service by counsel, who had no personal knowledge of the facts surrounding service on defendant (*see Lynch v New York City Tr. Auth.*, 12 AD3d 644 [2004] [affirmation of defendant's counsel insufficient to rebut

statements in the process server's affidavit]), nor the documentary evidence indicating that the building at which service was effected had been ordered "closed" by the New York City Department of Buildings were sufficient (*see generally Olesniewicz v Khan*, 8 AD3d 354 [2004] [affidavit by nonparty regarding propriety of service insufficient to rebut prima facie showing]; *Simonds, supra* [same]). Indeed, nothing in any of defendant's submissions establishes that defendant was not residing in the building at issue *at the time* process allegedly was served.*

There is certainly nothing unfair about requiring a sworn, nonconclusory denial of service or a sworn statement rebutting the statements in the process server's affidavit, which carries with it the significant benefits of a bright-line, easily administered rule. A party who was not served (or asserts nonresidence at the address specified by the process server), should be required so to state under oath. As is evident, this requirement promotes the goal of accurate factual determinations by trial courts. To relieve a defendant of that simple burden encourages gamesmanship and the waste of judicial resources. There is no authority for the majority's conclusion that, in the wake of a prima facie showing of proper service, a defaulting defendant may be accorded a traverse hearing in the absence of a sworn, nonconclusory denial of service or a sworn statement rebutting the statements in the process server's affidavit (*cf. Ismailov v Cohen*, 26 AD3d 412 [2006]; *Haberman v Simon*, 303 AD2d 181 [2003]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]; *European Am. Bank & Trust Co. v Serota*, 242 AD2d 363 [1997]). Therefore, I would affirm the order appealed.

---

* The majority emphasizes that the summons and complaint, request for judicial intervention (RJI) and motion papers list defendant's address as other than the one at which he was served. Specifically, the address listed for defendant on each of these documents is that of plaintiff, indicating that the parties resided together. Putting aside the obvious—that none of these documents are an affidavit of service—the summons and complaint are dated one month before service was effected, and the RJI and motion papers postdate service by approximately 8½ months. Clearly, these documents do not purport to indicate defendant's residence on the date service was effected. Similarly, both the photographs and returned envelopes referred to by the majority were generated approximately nine months after service allegedly was effected.