*527 Order, Supreme Court, New York County (Carol R. Edmead, J.), entered February 24, 2009, which, insofar as appealed from as limited by the briefs, denied the motion of defendants Executive Settlement Services (ESS) and Alexander Kaplan to vacate a default judgment, unanimously affirmed, without costs.
The unsworn affirmation of attorney Kaplan, a party in this action, was insufficient as a matter of law to rebut the affidavit of personal service on him (see Matter of Nazarian v Monaco Imports, 255 AD2d 265 [1998]; see also LaRusso v Katz, 30 AD3d 240, 243 [2006]), or to explain ESS’s claimed nonreceipt of process delivered to the Secretary of State. In any event, any discrepancies between the description of Mr. Kaplan in the affidavit of service and his actual appearance and age were relatively insignificant (cf. NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [2004]; Haberman v Simon, 303 AD2d 181 [2003]), and the proffered excuse for ESS’s nonreceipt of process from the Secretary of State was unsupported by either an affidavit from the employee who, it is claimed, mistakenly disposed of the process intended for it or from one with personal knowledge of that entity’s regular mail-receipt procedures (cf. Liriano v Eveready Ins. Co., 65 AD3d 524 [2009]). The affirmation was similarly insufficient to demonstrate a meritorious defense and reasonable excuse for the default.
We have considered defendants’ other contentions, including that plaintiff failed to comply with the requirements of CPLR 3215 (g), and find them unavailing. Concur—Andrias, J.P., Sweeny, Nardelli, Richter and Abdus-Salaam, JJ.