WELLS FARGO BANK, N.A., Doing Business as AMERICA'S SERVICING COMPANY, Appellant, v RAYMOND JONES, Respondent, et al., Defendants. [32 NYS3d 95]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 28, 2014, which denied plaintiff's motion to substitute, nunc pro tunc, an affidavit of merit and amount due for a prior affidavit, and granted defendant Raymond Jones's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny plaintiff's motion without prejudice, and to grant defendant's cross motion only to the extent of remanding to the motion court for a traverse hearing, and otherwise affirmed, without costs.

The motion court was correct in denying plaintiff's request to substitute the affidavit of merit by Linda Duncan dated October 24, 2013 (the 2013 Duncan affidavit), nunc pro tunc,

for the affidavit by Steven Patrick dated August 28, 2007 (the 2007 Patrick affidavit), but for a reason different from that stated. Plaintiff sought to submit the 2013 Duncan affidavit in order to comply with Administrative Order of the Chief Administrative Judge of the Courts AO/548/10, which was promulgated on October 20, 2010, as amended by AO/431/11 on March 2, 2011 (the administrative order).[1] Duncan states that she bases the statements in the 2013 Duncan affidavit on "business records maintained by Wells Fargo . . . made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records." Plaintiff claims that it first acquired rights with regard to the mortgage by means of an assignment dated August 10, 2007, which purported to be retroactive to June 14, 2007. Therefore, there would have been no reason for Wells Fargo to make records concerning the mortgage before, at the earliest, June 14, 2007. However, the 2013 Duncan affidavit alleges that defendant Jones failed to make mortgage payments due on and after March 1, 2007, and that a notice of default dated May 7, 2007 was sent to him. Accordingly, Duncan cannot attest to those facts based on business records made by Wells Fargo "at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518 [a]). Rather, her statements about events before that date must be based on records in plaintiff's possession "made . . . from information provided by[ ] persons with knowledge of the activity and transactions reflected in such records." We recognize that in seeking to enforce a loan, an assignee may use an original loan file prepared by its assignor, when it relies upon those records in the regular course of its business (*Landmark Capital Invs., Inc. v Li-Shan Wang*, 94 AD3d 418 [1st Dept 2012]). In this case, however, Duncan does not claim to have relied on the original loan file, nor does she describe those "persons" she relied upon; presumably, Duncan is referring to "persons" employed by plaintiff's predecessor in interest. However, the 2013 Duncan affidavit contains no factual allegations about those "persons" to provide the court with "sufficient indicia of reliability" as to the documents prepared by plaintiff's

---

1. The administrative order requires counsel representing plaintiff in a residential mortgage foreclosure proceeding to verify the accuracy of factual allegations set forth in the complaint and supporting affidavits, as well as the accuracy of the notarization of supporting documents. Since current counsel for plaintiff was substituted in after the 2007 Patrick affidavit was filed, current counsel could not certify his statements. Effective August 30, 2013, CPLR 3012-b requires that counsel's certificate of merit be filed with the complaint.

predecessor in interest (*One Step Up, Ltd. v Webster Bus. Credit Corp.*, 87 AD3d 1, 11 [1st Dept 2011] [internal quotation marks omitted]; *see also People v Brown*, 13 NY3d 332, 341 [2009]; *People v Cratsley*, 86 NY2d 81, 89 [1995]). Moreover, Duncan cannot rely on the 2007 Patrick affidavit as the basis for her claims regarding events occurring before the date on which plaintiff allegedly acquired the note and mortgage, since documents prepared in connection with litigation do not qualify for the business record exception to the rule against hearsay (*National States Elec. Corp. v LFO Constr. Corp.*, 203 AD2d 49, 50 [1st Dept 1994]). Therefore, the court cannot rely on any statements in the 2013 Duncan affidavit concerning events before the date of plaintiff's acquisition of the mortgage. Accordingly, the motion court was correct in not permitting plaintiff to substitute and rely on the 2013 Duncan affidavit.

With regard to the cross motion, the motion court should have addressed Jones's claim of lack of personal jurisdiction over him before reaching any of the other relief he sought. Where, as here, a defendant seeks vacatur of a default under both CPLR 5015 (a) (1) (excusable default) and (4) (lack of jurisdiction), the court should determine whether or not it has personal jurisdiction over the defendant before reaching the 5015 (a) (1) ground, since the defendant's "lack of a reasonable excuse . . . is obviated if the court is without personal jurisdiction over defendant, and all subsequent proceedings would be rendered null and void" (*Cipriano v Hank*, 197 AD2d 295, 298 [1st Dept 1994]; *see also* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:9 ["(T)he court must always rule first on the paragraph 4 jurisdictional point, which involves no discretion. Only if jurisdiction is sustained need the court go on to the paragraph 1 discretionary ground"]).

Plaintiff argues that Jones waived any challenge to personal jurisdiction by appearing in this action "without objection." We disagree. Jones first appeared by filing a pro se order to show cause dated February 25, 2010, in which he sought, inter alia, an interim stay of the foreclosure sale,[2] but did not address his default. When Jones obtained counsel soon thereafter, the motion court permitted his counsel to file a supplemental affidavit and attorney's affirmation, on or about April 10, 2010, which raised the issue of improper service. The motion court appears to have treated counsel's affirmation as an amended order to

---

**2.** It appears that the motion court issued the default judgment of foreclosure and sale on December 1, 2008, before Administrative Order AO548/10 was issued.

show cause raising the issue of service.[3] Accordingly, Jones objected to personal jurisdiction over him in the motion that constituted his first appearance in this action. He also raised it in the cross motion that is the subject of the instant appeal. The fact that the motion court did not address that argument does not constitute a waiver by Jones.

Plaintiff alleges that it effectuated substitute service upon Jones by serving a copy of the summons and complaint upon his daughter, Samantha Jones, at a specified address in the Bronx. However, CPLR 308 (2) requires that substitute service be performed "at the actual place of business, dwelling place or usual place of abode of the person to be served." In his affidavit, Jones denied that he lived at that address and stated that he resided in Texas at the time of the alleged service. In further support of his motion, he submitted an affidavit by his daughter, who swore that her father did not live there and that the summons and complaint were not served on her. Accordingly, contrary to plaintiff's characterization of these factual submissions as "bare-bones," Jones submitted sufficient facts to rebut plaintiff's affidavit of service, entitling him to a traverse hearing on this issue (*Johnson v Deas*, 32 AD3d 253 [1st Dept 2006]; *see also Ortiz v Santiago*, 303 AD2d 1, 4 [1st Dept 2003]).

Should Jones prevail at the traverse hearing, the action must be dismissed. Where there is "a defense of lack of personal jurisdiction, a defendant need not show a reasonable excuse and meritorious defense" (*Johnson v Deas*, 32 AD3d at 254).

On the other hand, if the motion court finds that service was properly effectuated on Jones, then it will have to address whether Jones has demonstrated a reasonable excuse and a meritorious defense under CPLR 5015 (a) (1) (*see 60 E. 9th St. Owners Corp. v Zihenni*, 111 AD3d 511 [1st Dept 2013]).

A plaintiff proves it has standing to commence a mortgage foreclosure action by showing that it was "both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action was commenced" (*Bank of N.Y. Mellon Trust Co. NA v Sachar*, 95 AD3d 695, 695 [1st Dept 2012]). The assignment in this case, dated August 10, 2007, after plaintiff commenced the mortgage foreclosure action on July 17, 2007, stated that it was effective June 14, 2007. However, "a retroactive assignment cannot be used to confer standing upon the assignee in a foreclosure action commenced prior to the execution of the assignment" (*Wells Fargo*

---

3. Although it appears that Jones's order to show cause was disposed of on April 2, 2014, the decision is not part of the record on this appeal, and does not appear to be available on the Bronx County Clerk's website.

*Bank, N.A. v Marchione*, 69 AD3d 204, 210 [2d Dept 2009]). Moreover, "[c]onclusory boiler plate statements such as '[p]laintiff is the holder and is in possession of the original note,' or '[p]laintiff is the holder and is in possession, or is otherwise entitled to enforce the note . . .' will not suffice when standing is raised as a defense" (*Deutsche Bank Natl. Trust Co. v Maio*, 2013 NY Slip Op 30858[U], *4 [Sup Ct, Suffolk County 2013], citing *Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636 [2d Dept 2011]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95 [2d Dept 2011]; *see also HSBC Bank USA v Hernandez*, 92 AD3d 843 [2d Dept 2012]). Here, even if plaintiff were permitted to substitute the 2013 Duncan affidavit, the affiant's bare claim that plaintiff "was in possession of the Promissory Note prior to July 17, 2007" would not be sufficient to establish plaintiff's standing. Similarly, the undated endorsement of the note to plaintiff is insufficient to establish that plaintiff was the holder or asignee of the note prior to commencement of the foreclosure action (*Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680 [2d Dept 2012]). Accordingly, it appears that Jones may have a meritorious defense.

Plaintiff argues that Jones has waived a defense based on standing, citing CPLR 3211 (e) (defense of lack of standing waived if not asserted in an answer or pre-answer motion to dismiss), and citing this Court's decision in *Wells Fargo Bank, NA v Edwards* (95 AD3d 692 [1st Dept 2012]) for the proposition that a defaulting defendant waives a defense based on standing. However, in *Edwards*, defendant had failed to rebut plaintiff's prima facie showing of proper service. Here, since defendant sought in his cross motion to vacate the default judgment and interpose an answer, if he shows that he has a reasonable excuse for default, he will not have waived a defense based on standing (*see Wells Fargo Bank, N.A. v Riley*, 23 Misc 3d 1107[A], 2009 Slip Op 50616[U] [Sup Ct, Westchester County 2009] [defendants who never appeared and whose default was vacated had not waived standing defense]; *Citigroup Global Mkts. Realty Corp. v Randolph Bowling*, 25 Misc 3d 1244[A], 2009 NY Slip Op 52567[U] [Sup Ct, Kings County 2009] [where defendant was not personally served and had not appeared, standing defense not waived]; *see also U.S. Bank, N.A. v Sharif*, 89 AD3d 723, 724 [2d Dept 2011] ["defenses waived under CPLR 3211(e) can nevertheless be interposed in an answer amended by leave of court"]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.