Bank of Am., N.A. v Diaz (2018 NY Slip Op 02421)





Bank of Am., N.A. v Diaz


2018 NY Slip Op 02421


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Gische, J.P., Kapnick, Oing, Moulton, JJ.


381022/09 5119 5118

[*1]Bank of America, N.A., etc., Plaintiff-Respondent,
v
Romulo Diaz, Defendant-Appellant, New York City Environmental Control Board, et al., Defendants.


Adam E. Mikolay, PC, East Meadow (Adam E. Mikolay of counsel), for appellant.
Pincus Law Group, PLLC, Uniondale (Renee J. Aragona of counsel), for respondent.



Judgment of foreclosure, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 19, 2016, bringing up for review an order, same entry date, court and Justice, which granted the motion of plaintiff Bank of America, N.A. to confirm the referee's report and for a judgment of foreclosure, and denied defendant's cross motion to dismiss the complaint for improper service, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded to Supreme Court for a traverse hearing and further proceedings consistent with the determination rendered after such hearing.
Defendant seeks to vacate his default and dismiss this action on the basis that he was never served with the summons and complaint.
As an initial matter, plaintiff asserts that defendant's motion was procedurally improper, in that he did not specify the CPLR provision under which his cross motion was made. Although defendant did not cite a specific section of the CPLR, it is abundantly clear, from his affirmation in support of his cross motion to dismiss and opposition to judgment of foreclosure and sale, that he is asserting that plaintiff failed to obtain jurisdiction over him as the grounds for dismissal. It is clear from the content of the motion papers that defendant intended to make his motion under CPLR 5015(a)(4) (cf. Caba v Rai, 63 AD3d 578 [1st Dept 2009], finding that defendant was not entitled to relief under CPLR 5015(a)(4) because "[n]owhere in her motion papers, however, did defendant suggest that the action should be dismissed because the court lacked personal jurisdiction...").
Therefore, we turn to the question of whether plaintiff has established service of the summons and complaint.
While a proper affidavit of service attesting to personal delivery upon a defendant is prima facie evidence of proper service, "a sworn nonconclusory denial of service by a defendant is sufficient to dispute the veracity or content of the affidavit, requiring a traverse hearing" (NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]; Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 523 [1st Dept 2016]). In the instant matter, the affidavit of service indicates that personal service was made on May 26, 2009 at approximately 8:52 pm "at" 1509 East 172nd Street in the Bronx (the 1509 East address). The affidavit provides a description of the person served and indicates that "recipient signed for papers." The description is consistent with defendant's appearance. However, plaintiff does not offer a copy of the summons and complaint, or any other document, that contains the signature of the person allegedly served.
In response, defendant attests that he was never served with the summons and complaint, [*2]that he does not reside at the 1509 East address, and has never been inside that property. Defendant submitted extensive supporting documentation including the first page of the mortgage at issue here and sixteen consecutive years' worth of apartment leases for a different address. These documents establish that defendant resided next door to the 1509 East address, at 1511 East 172d Street.
Defendant also points to plaintiff's subsequent service by mail of both an additional notice under CPLR 3215(g)(3) and a motion for judgment of foreclosure. Both of these submissions were mailed to the 1509 East address. Defendant argues that those mailings demonstrate that plaintiff was under the mistaken impression that defendant resided at that address, and thus plaintiff would presumably direct a process server to that address.
These issues warrant a traverse hearing concerning whether defendant was properly served with the summons and complaint.
Defendant further argues that the additional service requirement for default notices in residential foreclosure actions under CPLR 3215(g)(3) applies. Defendant asserts that plaintiff failed to comply with the additional service requirement of CPLR 3215(g)(3) when it mailed the notice to the 1509 East address rather than defendant's actual address next door.
Defendant submits that the subject action is a residential mortgage foreclosure action requiring a CPLR 3215(g)(3) notice because the mortgage lists the property as "DWELLING ONLY - 2 FAMILY." Defendant also relies on the definition of residential found in RPAPL 1305, which defines residential real property as real property that "is or may be used, in whole or in part, as the home or residence of one or more persons, and shall include any building or structure used for both residential and commercial purposes."
Plaintiff argues that the subject action is not a residential mortgage foreclosure action because such actions involve foreclosure of a "home loan," which according to RPAPL 1304(6)(iii) is any loan secured by property "which is or will be occupied by the borrower as the borrower's principal dwelling." It is undisputed that defendant does not reside at the mortgaged property. In fact, although Section 6 of the mortgage obligated defendant "to occupy the Property and to use the Property as [his] principal residence for at least one year" within 60 days after executing the mortgage, defendant executed a "Family Rider (Assignment of Rents)" that provided "[u]nless [plaintiff] and [defendant] otherwise agree in writing, Section 6 concerning [defendant's] occupancy of the Property is deleted." Therefore, plaintiff asserts the action is not subject to the additional mailing requirement of CPLR 3215.
Because the RPAPL provisions cited by both plaintiff and defendant were enacted after CPLR 3215(g)(3), the clearest indicator of whether a non-owner-occupied home is a "residential mortgage" for the purpose of the additional notice requirement is the statute itself. CPLR 3215(g)(3) provides that when a default judgment "based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation," that person is entitled to additional notice of the action, which is provided by mailing the summons to his or her place of residence. The provision was enacted out of concern for "unsophisticated homeowners" who "do not receive sufficient notice that they are about to lose their homes through foreclosure" (Providing Additional Notice to the Mortgagees in Residential Mortgage Foreclosure Proceedings, 2005 Rep of Advisory Comm on Civ Prac to Chief Admin Judge of Cts of St of NY, at 24, reprinted in 2005 McKinney's Session Laws of NY at 2608-2609). As defendant does not reside at the mortgaged property, this foreclosure proceeding does not place his home at risk. Accordingly, we find that plaintiff was not required to serve a 3215(g)(3) notice on defendant.
Given the factual issues as to the validity of service of the summons and complaint, the threshold issue of personal
service should have been resolved with a traverse hearing (see Wells Fargo Bank, N.A., 139 AD3d 520; NYCTL 1998-1 Trust 7 AD3d 459). We reverse and remand for such a hearing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK