Avis Rent A Car Sys., LLC v Scaramellino (2018 NY Slip Op 03629)





Avis Rent A Car Sys., LLC v Scaramellino


2018 NY Slip Op 03629


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6597N 160658/15

[*1] Avis Rent A Car System, LLC, doing business as PV Holding Corp., Plaintiff-Respondent,
v
Thomas J. Scaramellino, also known as T.J. Scaramellino, Defendant-Appellant.


Kakalec & Schlanger, LLP, New York (Daniel A. Schlanger of counsel), for appellant.
Carman Callahan & Ingram, LLP, Farmingdale (Jami C. Amarasinghe of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 6, 2017, which denied defendant's motion to vacate a default judgment pursuant to CPLR 5015(a)(1) and (4), unanimously reversed, on the law, without costs, and the motion granted to the extent of remanding the matter for a traverse hearing.
Defendant allegedly rented a vehicle from plaintiff in California and damaged it while driving under the influence of alcohol. Plaintiff served defendant at the New York address listed on his driver's license and obtained a default judgment against him after he failed to answer.
On his motion to vacate the default judgment, defendant submitted a nonconclusory affidavit denying proper service and other supporting affidavits and documentary evidence demonstrating that he had moved to Massachusetts and no longer lived at the New York address at the time of service (see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459 [1st Dept 2004]). In opposition, plaintiff submitted its process server's affidavit of service demonstrating proper service pursuant to CPLR 308(2), a second affidavit by the process server averring that the doorman had confirmed that defendant resided in the New York apartment, and documents reflecting that defendant continued to list the New York apartment as his address. In light of this conflicting evidence as to whether the New York address was defendant's dwelling or usual place of abode at the time of service, the issue of whether Supreme Court obtained personal jurisdiction over defendant cannot be resolved without a traverse hearing (see Rabinowitz, 7 AD3d at 760; Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 523 [1st Dept 2016]).
Although, as plaintiff argues, a defendant may be estopped from challenging the propriety of service of process based on his failure to notify the Department of Motor Vehicles of a change of address (see Stillman v City of New York, 39 AD3d 301, 303 [1st Dept 2007]; Vehicle and Traffic Law § 505[5]), he cannot be estopped on that basis from asserting that he is not subject to the jurisdiction of the courts of a state in which he is not a resident (see Keane v Kamin, 94 NY2d 263, 266 [1999]; Mitchell v Cunningham, 281 AD2d 192, 192 [1st Dept 2001]). Thus, on remand, the court should determine the issue of personal jurisdiction before reaching defendant's alternative argument that he had a reasonable excuse for his default based on improper service (see e.g. Wells Fargo, 139 AD3d at 523; Cipriano v Hank, 197 AD2d 295, 298 [1st Dept 1994]).
After the hearing, if Supreme Court finds that defendant was domiciled outside New York at the time of service and it therefore did not have personal jurisdiction over defendant, then defendant's motion to vacate the default judgment should be granted, the judgment vacated, and the action dismissed for lack of personal jurisdiction. Defendant is not obligated to show a reasonable excuse and meritorious defense if there is a lack of jurisdiction (see Wells Fargo, 139 AD3d at 522-23; Johnson v Deas, 32 AD3d 253, 254 [1st Dept 2006]; Ortiz v Santiago, 303 [*2]AD2d 1, 4 [1st Dept 2003]). Thus, the issue of lack of jurisdiction should be considered first (see Wells Fargo, 139 AD3d at 522-23; Cipriano, 197 AD2d at 298). If, however, Supreme Court finds that defendant was sufficiently domiciled in New York to establish personal jurisdiction, then service was proper. In that case, the court must deny defendant's motion to vacate the default judgment pursuant to CPLR 5015(a)(1), as defendant has failed to raise a meritorious defense, either before the motion court or on this appeal (see generally Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK