Deutsche Bank Natl. Trust Co. v Chung (2021 NY Slip Op 02982)





Deutsche Bank Natl. Trust Co. v Chung


2021 NY Slip Op 02982


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 380266/11 Appeal No. 13804 Case No. 2019-03527 

[*1]Deutsche Bank National Trust Company as Indenture Trustee for New Century Home Equity Loan Trust 2005-2, Plaintiff-Respondent,
v
Wendell Chung, Defendant-Appellant, Internal Revenue Service-United States of America,et al., Defendants. 


Hass & Gottlieb, Scarsdale (Lawrence M. Gottlieb of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester (Ellis M. Oster of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about May 14, 2019, which granted plaintiff's motion to confirm the report of the Special Referee rendered after a traverse hearing, and denied defendant Wendell Chung's cross motion to reject the report and his motion to dismiss the complaint and to vacate the judgment of foreclosure based on lack of personal jurisdiction, unanimously affirmed, without costs.
The court correctly confirmed the report of the Special Referee recommending that it find that defendant was properly served, which was supported by the record of the traverse hearing (see Plaza Funding Corp. v J.C. Dev. Corp., 155 AD2d 298 [1st Dept 1989]; cf. Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Plaintiff presented the process server's testimony and affidavit of service, which is prima facie evidence of proper service (see Matter of Nazarian v Monaco Imports, 255 AD2d 265, 266 [1st Dept 1998]). Although the process server provided an inaccurate estimate of defendant's height and weight, he correctly stated defendant's skin color, hair color, and age, and accurately described defendant's house where service was effectuated. The Referee found defendant's testimony, supported by his electronic personal calendar, which he admitted could be altered at any time, to be unpersuasive. Accordingly, the court properly deferred to the Referee's findings (see European Am. Bank & Trust Co. v H. Frenkel, Ltd., 163 AD2d 154, 155 [1st Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021