Universal Constr., Inc. v Ramza LLC (2023 NY Slip Op 06462)

Universal Constr., Inc. v Ramza LLC

2023 NY Slip Op 06462

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Kern, Friedman, González, JJ. 

Index No. 155412/14 Appeal No. 1215 Case No. 2022-03680 

[*1]Universal Construction, Inc., Plaintiff-Respondent,
v
Ramza LLC, Defendant-Appellant, Good Friends Realty Corp., Defendant, Mazal Ubracha 101 LLC, Nonparty-Respondent.

Gene Rosen's Law Firm, Garden City (Gane W. Rosen of counsel), for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for Universal Construction, Inc., respondent.

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered July 27, 2022, which, to the extent appealed from as limited by the briefs, granted nonparty respondent Mazal Ubracha 101 LLC's cross-motion to confirm the Special Referee's report, dated September 8, 2021, and denied the motion of defendant Ramza LLC to vacate the foreclosure and sale and enjoin Mazal's ability to transfer the property, unanimously affirmed, without costs.
Supreme Court properly confirmed the Special Referee's report, as the report's findings were supported by the record (see Deutsche Bank Natl. Trust Co. v Chung, 194 AD3d 478, 479 [1st Dept 2021]; Sichel v Polak, 36 AD3d 416, 416 [1st Dept 2007]). The Special Referee had a sufficient basis to find that the appearance by Ramza and its counsel at the courthouse at the time of foreclosure auction, but at the wrong part of the building, evinced Ramza's actual knowledge that the auction was scheduled to take place. The evidence further shows that counsel was aware that an appearance was to be made in the foreclosure auction part of the courthouse, which is exhibited in the e-Courts notification counsel received and the email correspondence between the parties prior to the auction date. At the hearing before the Referee on this issue, Ramza failed to present any evidence or arguments showing that it did not have actual knowledge of the auction, and it fails to show on appeal that the relevant rulings by the Referee lack adequate support from the hearing record. As the Special Referee explained, Ramza's principal lacked credibility, and Ramza did not provide any adequate alternative explanations for appearing in court at the time of the auction. Hence, Ramza failed to sustain its burden of showing prejudice to a substantial right on account of any failure to strictly comply with the notice provisions of RPAPL 231(6) (see U.S. Bank N.A. v Martinez, 162 AD3d 528 [1st Dept 2018]; Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280 [2d Dept 2019]). To the contrary, the direct and circumstantial evidence show that Ramza had actual notice of the auction.
Ramza also did not face any prejudice or due process violations because it was not deprived of the opportunity to protect its interests in the subject property for the above reasons.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023