Nationstar Mtge. LLC v O'Connor (2025 NY Slip Op 05894)

Nationstar Mtge. LLC v O'Connor

2025 NY Slip Op 05894

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Index No. 35397/13|Appeal No. 5028|Case No. 2025-00941|

[*1]Nationstar Mortgage LLC, Plaintiff-Respondent,
v
June O'Connor Also Known as June B. O'Connor, Defendant-Appellant, City of New York by Environmental Control Board, et al., Defendants.

Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLP, New York (Daniel S. LoPresti of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered February 11, 2025, which denied defendant June O'Connor's (defendant) motion under CPLR 5015(a)(1) or 5015 (a)(4) to vacate the judgment of foreclosure and sale dated October 31, 2016 and the order of reference dated July 8, 2015, unanimously reversed, on the law, without costs, and defendant's motion granted to the extent of remanding the matter for a traverse hearing and further proceedings consistent with the determination rendered after that hearing.
In this mortgage foreclosure action, a traverse hearing is warranted to determine whether the court has personal jurisdiction over defendant. Plaintiff submitted affidavits of service showing that defendant was served with the summons and complaint at her actual place of business by delivery to a person of suitable age and discretion, and by nail-and-mail service at her actual dwelling place or usual abode. These submissions were sufficient to constitute a presumption of effective service.
However, defendant sufficiently rebutted the presumption of proper service by submitting an affidavit from a coworker who averred that the person with whom plaintiff's process server left the papers was not, in fact, an employee of plaintiff's workplace. Similarly, defendant submitted an affidavit from her daughter, who averred that the address where the process server attempted service was her home, not defendant's, and that defendant did not live there. Defendant's daughter also averred that the process server did not actually attempt service on at least two of the dates stated in his affidavit of service, as the daughter was at home on those days and knew that no one had rung her doorbell or knocked on her door at the dates and times stated in the affidavit of service. These sworn denials sufficed to rebut the process servers' prima facie evidence of service (see Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 523 [1st Dept 2016]).
Defendant also raised issues as to whether she appeared in this action and therefore waived her jurisdictional objections. On December 21, 2014, Michael Kennedy Karlson, Esq., ostensibly on defendant's behalf, filed an opposition to plaintiff's motion for an order of reference. However, defendant submitted an affidavit in which she averred that she never hired any attorney, let alone Karlson, to defend her case. These statements were enough to warrant a hearing on whether Karlson was authorized to appear on defendant's behalf in this matter (see Ming Xue Xir v 422 Sunshine Ct., LLC, 227 AD3d 980, 982 [2d Dept 2024]).
Because a hearing is needed to determine whether the order of reference and the judgment of foreclosure and sale should have been reversed under CPLR 5015(a)(4), we do not reach the issue of whether the judgment and order should have been reversed under CPLR 5015(a)(1) (see Wells Fargo Bank, 139 AD3d at 522).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025