| |
|---|
| **Izzo v Onsite Dental** |
| 2026 NY Slip Op 31056(U) |
| March 17, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805102/2025 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**

*Justice*

-----------------------------------------------------------------------------X

RICHARD IZZO,

Plaintiff,

- v -

"ONSITE DENTAL", ONSITE DENTAL, LLC., WILSON
CHYON, DDS, PETER CHEN, DDS, AMANDA AHMAD,
DDS and ZI HAN LIU, DDS,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 56M |
| INDEX NO. | 805102/2025 |
| MOTION DATE | 11/21/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for                    DISMISSAL                    .

In this action to recover damages for dental malpractice, the defendant Zi Han Liu, DDS, moves pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, based upon improper service of process. No party opposes the motion. The motion is granted, and the complaint is dismissed insofar as asserted against Liu.

The plaintiff commenced this action on April 10, 2025 against Liu, among others. Although the plaintiff did not file an affidavit of service describing the service of the summons and complaint upon Liu, Liu submitted his own affirmation, explaining that he was never personally served with a copy of the summons and complaint. Rather, he asserted that his parents received a copy of the summons and complaint at their home in Seaford, New York, but that he did not live there at the time. He averred that, although, during the year prior to his parents' receipt of that copy of the summons and complaint, he had been residing in Manhattan, and had worked at the defendant OnSite Dental, LLC, on West 45th Street in Manhattan, he had moved to Texas in August 2024, eight months prior to the commencement of this action. Liu stated that he has lived in Texas since August 2024, and has become licensed to practice

dentistry in Texas.  He asserted that a copy of the summons and complaint was never delivered to a person of suitable age and discretion at either his actual place of business, dwelling place, or usual place of abode, and that a copy of the summons and complaint was never affixed to the door at any of those locations.

CPLR 308 requires that service of process upon a natural person must be effectuated either by personally delivering the summons to that person (CPLR 308[1]), by personally delivering the summons to a person of suitable age and discretion at that defendant's actual place of business, dwelling place, or usual place of abode and mailing the summons to the defendant's last known residence or actual place of business (CPLR 308[2]), or, after diligent attempts unsuccessfully have been made to serve the defendant by one of those two methods, by affixing the summons to the door of that defendant's actual place of business, dwelling place, or usual place of abode and mailing the summons to the defendant's last known residence or actual place of business (CPLR 308[4]).  CPLR 3211(a)(8) provides that "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . the court has not jurisdiction of the person of the defendant."  "'It is axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant'" (*Krisilas v Mount Sinai Hosp*., 63 AD3d 887, 889 [2d Dept 2009], quoting *McMullen v Arnone*, 79 AD2d 496, 499 [2d Dept 1981]; *see Mortgage Elec. Reg. Sys., Inc. v Congregation Shoneh Halochos*, 189 AD3d 820, 823 [2d Dept 2020]).

As relevant to the instant action, CPLR 308(2) permits delivery of the summons

> "within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete

[* 2]

ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law"

"Personal jurisdiction is not acquired absent compliance with *both the delivery and mailing requirements of the statute*" (*Everbank v Kelly*, 203 AD3d 138, 143 [2d Dept 2022] [emphasis added]).  CPLR 308(4) provides that

"where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law."

As with CPLR 308(2), employment of the affix and mail method of service "requires *both* affixing and mailing" (*Ventura v City of New York*, 2025 NY Slip Op 33432[U], *3, 2025 NY Misc LEXIS 7558, *6 [Sup Ct, N.Y. County, Sep. 12, 2025] [emphasis added]).

Liu established, prima facie, that he was not properly served with process within 120 days after the commencement of the action, as required by CPLR 306-b.  Inasmuch as the plaintiff did not file proof of service with respect to the attempted service upon Liu, the court cannot apply the longstanding rule that a process server's affidavit of service is prima facie evidence of proper service (*see Johnson v Deas*, 32 AD3d 253, 254 [1st Dept 2006]).  Moreover, inasmuch as the plaintiff did not oppose this motion, he has failed to rebut Liu's prima facie showing that service of the summons and complaint was never properly effectuated (*see Campbell v Harun Harunovich & Lavada, Inc.,* 2020 NY Misc LEXIS 33391, *10 [Sup Ct, Kings County, Jul. 28, 2020]).

[* 3]

Accordingly, it is,

ORDERED that the motion of the defendant Zi Han Liu, DDS, to dismiss the complaint insofar as asserted against him is granted, without opposition, and the complaint is dismissed insofar as asserted against him; and it is further,

ORDERED that, on the court's own motion, the action against Zi Han Liu, DDS, is severed; and it is further,

ORDERED that the Clerk of the court shall enter judgment dismissing the complaint insofar as asserted against the defendant Zi Han Liu, DDS.

This constitutes the Decision and Order of the court.

__3/17/2026__
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | | | | |
|---|---|---|---|---|---|
| | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**805102/2025  IZZO, RICHARD vs. 'ONSITE DENTAL' ET AL**
**Motion No.  001**

**Page 4 of 4**