■ STYLIANOS STYLIANOU, Appellant, v KONSTANTI TSOURIDES, Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, dated April 6, 1979, which is in favor of defendant Tsourides, upon the granting of his motion to dismiss the complaint for lack of personal jurisdiction. Judgment reversed, without costs or disbursements, and action remitted to Special Term for further proceedings consistent herewith. In opposition to respondent's motion to dismiss the complaint for lack of personal jurisdiction, plaintiff submitted the affidavit of service and an additional affidavit of the process server, Ted Dakis. Dakis averred that on June 27, 28 and 30, 1978 he had driven to respondent's New Jersey residence in order to serve process; that each time, no one was home, and that thereafter, on July 1, 1978, at both 2:30 P.M. and 4:30 P.M., he again failed to find anyone at respondent's home. He asserted that at the latter time he affixed the summons and complaint and confirmed with a neighbor that respondent resided there but was not home, and that he later mailed copies of the papers from locations in both New Jersey and New York. In reply, the respondent claimed that a person of suitable age was present in his residence at all times when the process server claims he attempted service, and that the mailing was not timely, having been done after the last day of which service could be made under CPLR 214. Special Term concluded, without a hearing, that these efforts were insufficient to constitute due diligence and, therefore, substituted service pursuant to CPLR 308 (subd 4) was improper, and, further, that the mailing of the summons and complaint had occurred after the Statute of Limitations had expired. Due to a number of contested critical facts in relation to proof of due diligence to effect service and timely mailing, a traverse hearing is required, at which time plaintiff must establish diligent efforts to serve the summons and complaint and that one or more letters containing the summons and complaint, properly stamped and addressed, had been timely mailed (see *Empire Nat. Bank v Judal Constr. of N. Y.,* 61 AD2d 789). Damiani, J. P., Gulotta, Margett and Gibbons, JJ., concur.