■ CHARLES MARIANO et al., Appellants, v SYLVIA STEINBERG, Respondent. — In an action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County (Leone, J.), dated March 9, 1981, which, after a hearing, granted defendant's motion to dismiss the complaint for lack of personal jurisdiction. Order reversed, on the law, without costs or disbursements, and matter remitted to Special Term for the making of a new determination in accordance herewith on the present record. Special Term apparently was under the impression that plaintiffs attempted service by leaving a copy of the summons with a neighbor of the defendant. According to the amended affidavit of service, however, it is clear that plaintiffs are alleging substituted service pursuant to CPLR 308 (subd 4). The fact that the original affidavit of service was improperly executed is not a jurisdictional defect, if in fact service was properly made (see *Mrwik v Mrwik,* 49 AD2d 750). The court must determine whether the efforts of the process server constituted due diligence under CPLR 308 (subds 1, 2) and, if so, whether service was properly effected under subdivision 4 (cf. *Stylianou v Tsourides,* 73 AD2d 642). Having seen and heard the witnesses at the hearing, Special Term is in the best position to answer these questions (see *Mrwik v Mrwik, supra;* cf. *Barnes v City of New York,* 51 NY2d 906). Damiani, J. P., Gibbons, Niehoff and Boyers, JJ., concur.

■ FRANK MASELLI, Appellant, v GREAT ADVENTURE, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Westchester County (Walsh, J.), dated September 15, 1981, which, *inter alia,* denied his motion to strike defendant's answer because of defendant's failure to appear for a court-ordered deposition and granted defendant's cross motion to open its default at the deposition on condition that defendant's attorney pay plaintiff $500. Order modified, on the law, by increasing the sum the defendant's attorney is to pay to plaintiff to $1,500. As so modified, order affirmed, without costs or disbursements. The defendant's attorney's time to make the payment is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry. The examination before trial directed in the order under review shall proceed at the place set forth in said order at a time to be fixed by the plaintiff in a written notice of not less than 10 days, or at such other time and place as the parties may agree. The penalty imposed was inadequate to the extent indicated. Titone, J. P., Lazer, O'Connor and Rubin, JJ., concur.