■ NORMAN HINDS et al., Respondents, v 2461 REALTY CORP. et al., Appellants.—Order of Supreme Court, New York County (David B. Saxe, J.), entered on or about October 27, 1989, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction over the defendants and pursuant to CPLR 3215 (c) for dismissal of the complaint as abandoned, is unanimously modified, on the law, on the facts, and in the exercise

of discretion, insofar as to hold the determination of the motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) in abeyance, pending a hearing on the issue of whether service of process on the defendants complied with CPLR 308 (2), and the matter is remanded to the IAS court for such a hearing and disposition and the order is otherwise affirmed, without costs.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Norman Hinds as a result of an allegedly defective and unsafe stairway on the premises located at 2461 Amsterdam Avenue in Manhattan. The defendants who did not appear or interpose an answer to the complaint, moved for dismissal in response to a letter dated August 10, 1988 in which plaintiffs' counsel notified defendants' insurance carrier, Liberty Mutual Insurance Co., that its insured had apparently defaulted in the action.

In support of their motion to dismiss pursuant to CPLR 3211 (a) (8), defendants submitted an affirmation by counsel in which counsel states that on July 21, 1987 a summons and complaint was left with the receptionist at Parkoff Management—an individual not designated to accept service for the entity. Counsel states further that the affidavit of service indicated that service was intended for "2461 Realty Corp.". According to counsel for the defendants no such entity exists since 2461 Amsterdam Co. has always been a partnership. Thus counsel contended that based on the facts that service was intended for a nonexistent entity and that no partner of 2461 Amsterdam Co. was served, service on the partnership was not effected pursuant to CPLR 310. Counsel also states that Parkoff Management is a sole proprietorship, and that since Richard Parkoff, the sole proprietor, was not served, service was not made on that entity either. The affidavits of Richard Parkoff and Cecile Crompton, the office administrator for Parkoff Management, were also submitted in support of the motion to dismiss. Ms. Crompton's affidavit alleges that one copy of a summons and complaint was left with the receptionist for Parkoff Manangement on July 21, 1987. Ms. Crompton stated that she did not remember who the receptionist was and that no summons and complaint was received by mail at the offices of Parkoff Management. Mr. Parkoff's affidavit repeated the statements made by Ms. Crompton, and added that he did not receive service of a summons and complaint at either his home or office.

Attached to the defendant's motion papers is the affidavit of service completed by Kenneth Anderson. Therein Mr. Ander-

son recites that he served defendant "2461 Realty c/o Parkoff Management" by delivering a copy of the summons and complaint to C. Crompton, the secretary of 2461 Realty Corp. at 98 Cuttermil Road, Great Neck, New York. The affidavit contains a description of the individual served; however, the appropriate boxes indicating that a copy of the summons and complaint were mailed to the defendants at their last known address are not filled out.

In opposition to the defendants' motion to dismiss for lack of personal jurisdiction, the plaintiffs also submitted copies of two affidavits of service signed by Kenneth Anderson. In one Mr. Anderson attests to service of a summons and complaint on "2461 Realty Corp. c/o Parkoff Management" by leaving a copy thereof with secretary "C. Crompton" of 2461 Realty Corp. on July 21, 1987. This affidavit is identical to the one submitted by the defendants. In the other affidavit Mr. Anderson attests to service of a summons and complaint on Parkoff Management on July 21, 1987 by leaving a copy thereof with the same C. Crompton. However, this second affidavit has the appropriate boxes checked off indicating that service was mailed to "98 Cuttermil Road, Great Neck, New York", the same address where service was left.

Plaintiffs' counsel's affirmation states that 2461 Realty Corp. was the proper designation for the corporation because the word "Corp." was used by Mr. Parkoff on documents filed with the New York City Department of Housing and the designation "2461 Realty" is imprinted on checks which counsel alleges he personally saw. Attached to counsel's affirmation are copies of checks with "2461 Realty" imprinted on them as well as a copy of an "authorization" signed by Richard Parkoff appointing Gutman Mintz & Baker as agents for 2461 Realty, the entity identified thereon as the landlord of 2461 Amsterdam Avenue.

The documentation submitted by the parties fails to conclusively establish that the proper entities and individuals were actually served. This is not merely a situation in which the parties were improperly named *(compare, Creative Cabinet Corp. v Future Visions Computer Store,* 140 AD2d 483, 484-485; *Connell v Hayden,* 83 AD2d 30). Herein, there was a sworn denial of service by Richard Parkoff with respect to the service on Parkoff Management as well as a sworn denial by Ms. Crompton that she accepted service of process for the entities on the date that the affidavit of service recites that service was made. There is also a question as to whether copies of the summons and complaint were in fact mailed to

the proper parties. In addition, there is a question presented as to the status of the defendant entities, as to which neither the plaintiffs nor the defendants have submitted conclusive proof (such as a certificate of incorporation or a partnership agreement, etc.). Since there is a total disagreement as to whether service was accomplished, there should be a traverse hearing *(Lexington Ins. Co. v Schuyler Bumpers,* 125 AD2d 554, 554-555; *Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 139).

It appears that the denial of defendants' motion to dismiss the complaint as abandoned based on the plaintiffs' failure to enter a default judgment was a proper exercise of the IAS court's discretion. The verified complaint sufficiently demonstrates that the plaintiffs' claim has merit, and the contact by plaintiffs' attorneys with the defendants' insurer, while not the equivalent of ongoing negotiations, sufficiently indicates that plaintiffs did not intend to abandon the action. Moreover the defendants have not demonstrated that they have been prejudiced by the delay in the prosecution of this action. *(Compare, Byk-Chemie GmbH v Efka Chems.,* 161 AD2d 196; *Cerrato v Thurcon Constr. Corp.,* 94 AD 642.) Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.