▮ In the Matter of JAMES WHALEN et al., Appellants-Respondents, v DANIEL HOGUE et al., Respondents-Appellants. [714 NYS2d 577] —Peters, J. Cross appeals from a judgment of the Supreme Court (Kane, J.), entered June 23, 1999 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, directed that the matter be submitted to a Referee for a hearing.

Petitioner James Whalen, a Deputy Sheriff Lieutenant employed by respondents, alleges that on or about September

1, 1998, respondent Sullivan County Sheriff wrongfully removed him from the position of plainclothes Detective to a uniformed Lieutenant's position on road patrol as a retaliatory transfer. This CPLR article 78 proceeding was commenced by Whalen and petitioner Sullivan County Patrolmen's Benevolent Association to annul such transfer as a violation of Civil Service Law § 75 (1) (e). Respondents countered, asserting that Civil Service Law § 75 (1) (e) was inapplicable and that the reassignment was not a disciplinary action but instead a reorganization using Whalen's leadership ability, his rapport with other Deputies and the need for an officer of his ranking on road patrol.

Petitioners submitted a reply affidavit detailing, in response to the allegations raised in respondents' answer, that the stated purpose for the transfer was pretextual and was, in fact, discipline for disclosing information shared in an intradepartmental meeting with a civilian. Respondents contended that the reply should not be accepted since the allegations of a retaliatory transfer were first raised by such reply. After permitting two separate replies with a total of six affidavits in response to these allegations and hearing oral argument on the issue, Supreme Court concluded that the provisions of the Civil Service Law pertaining to "police officers" did not apply to petitioner as a "deputy sheriff," but that the parties' collective bargaining agreement obligated respondents to comply with the provisions of Civil Service Law § 75 for any "suspension, discipline or discharge." Finding that an issue of fact was raised as to whether Whalen's reassignment constituted a disciplinary action which would have triggered the applicability of Civil Service Law § 75, the court denied all relief requested, other than the appointment of a Referee to determine whether the change of position was retaliatory. Both parties appeal.

Reviewing the propriety of addressing the issue of a retaliatory transfer first detailed in the reply affidavit, we find no error. Pursuant to CPLR 7804 (d), it is within Supreme Court's discretion to permit further pleadings. Moreover, upon our review of petitioners' pleadings and the answer offered in response thereto, we find that although the specific allegation of a retaliatory transfer was not originally specified, respondents' answer asserting that the provisions of Civil Service Law § 75 (1) (e) were not implicated because no disciplinary action was taken, properly triggered petitioners' response directly addressing the issue. In so allowing respondents two separate opportunities to submit six affidavits in reply, we find no abuse of discretion and no prejudice to respondents.

Turning to the substantive issues raised concerning Whalen's claims of entitlement to tenure under Civil Service Law § 75 or coverage pursuant to Local Laws, 1990, No. 10 of the County of Sullivan, we find them inapplicable for all of the reasons stated by Supreme Court. We further agree that although the parties' collective bargaining agreement did not provide Whalen with tenure rights, such agreement did specifically provide for the applicability of the procedures detailed in Civil Service Law § 75 for any "suspension, discipline or discharge." With Supreme Court properly concluding that such "reassignment" did, in fact, result in a change in Whalen's compensation since he no longer received the additional stipend for detectives detailed in article III, paragraph 303 of the collective bargaining agreement, the court's further determination that an issue of fact remained as to whether Whalen's reassignment was retaliatory in nature, and therefore disciplinary, warranted the appointment of the Referee to determine whether the provisions of the collective bargaining agreement mandating the protections accorded by Civil Service Law § 75 were triggered.

Accordingly, we affirm.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.