■ FELICIA MARABLE, an Infant, by Her Mother and Natural Guardian, MARCIA RALPH, et al., Respondents, v HUGH D. WILLIAMS et al., Appellants. [718 NYS2d 400] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated May 22, 2000, which denied their motion pursuant to CPLR 5015 (a) (1) and (4) to vacate an order of the same court (Bellantoni, J.), entered August 24, 1999, granting the plaintiffs' motion to enter judgment against them on the issue of liability upon their default in answering or appearing.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The defendants moved to vacate an order granting the plaintiffs' motion to enter judgment against them on the issue of liability upon their default in answering or appearing. They argued that they had not been served with process (*see,* CPLR 5015 [a] [4]) and that they had a reasonable excuse for their default and a meritorious defense (*see,* CPLR 5015 [a] [1]). In the order appealed from, the Supreme Court denied such relief, finding that the defendants failed to proffer a reasonable excuse for their default. We reverse.

The sworn assertions submitted by the defendants in support of their motion were sufficient to warrant a hearing on the issue of whether service was properly accomplished (*see, New York State Higher Educ. Servs. Corp. v Palmeri*, 167 AD2d 797; *cf., Sando Realty Corp. v Aris*, 209 AD2d 682). The defendants asserted, *inter alia*, that they had moved from the address where service was purportedly effected several months prior to the date of service. Whether or not service was properly effectuated is a threshold issue to be determined before consideration of discretionary relief pursuant to CPLR 5015 (a) (1) (*see, Cipriano v Hank*, 197 AD2d 295; *Mayers v Cadman*

*Towers,* 89 AD2d 844). Concerning that discretionary relief, the court's determination that the defendants lacked a reasonable excuse for their default apparently turned on its rejection of the defendants' sworn assertions that they did not receive the summons and complaint until on or about June 18, 1999, some time after service was purportedly effected, when the summons and complaint were forwarded to their new address. However, those assertions raise issues of credibility to be explored at the hearing. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.