■ ANANDA CAPITAL PARTNERS, INC., Respondent, v STAV ELECTRICAL SYSTEMS (1994) LTD. et al., Appellants. [753 NYS2d 488] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 29, 2002, which denied defendants' motion to vacate a default judgment, unanimously reversed, on the law, without costs, the disposition of the motion vacated, and the matter remanded for further proceedings including a traverse hearing.

On its motion to vacate the default judgment obtained by plaintiff in this action for breach of a consulting agreement between Florida and Israeli corporations, defendants denied personal service by claiming that defendant Strikovski was at a meeting in Brooklyn with third parties at the time when plaintiff's process server claimed to have served him in Manhattan. The process server's allegations of service are disputed on numerous points, posing a clear dispute of facts which could only properly be resolved by a traverse hearing. This was more than a "[m]ere denial" of service (*see De La Barrera v Handler*, 290 AD2d 476, 477). If established, it would be clearly sufficient to rebut the presumption of proper service (*see American Sav. & Loan Assn. v Twin Eagles Bruce,* 208 AD2d 446, *lv dismissed* 85 NY2d 1032). If plaintiff failed to properly serve defendants, all subsequent proceedings herein are null and void (*Cipriano v Hank*, 197 AD2d 295, 298). The IAS court improperly resolved the issue of service of process on the basis of conflicting affidavits when a traverse hearing was required (*see Hinds v 2461 Realty Corp.*, 169 AD2d 629). The IAS court also presumed in error that mailing the summons and complaint to defendants' address listed in the consulting agreement was sufficient; first-class mail service is complete only if defendant returns a signed acknowledgment of receipt, which was not done here (CPLR 312-a). The actual circumstances of personal service must be ascertained and defendant Strikovski has personally contested the claim that he was served (*see Walkes v Benoit*, 257 AD2d 508).

While this matter must be remanded on the threshold issue of personal service, we also note that defendants made an adequate showing of a potentially meritorious defense, specifically with regard to a termination notice (claimed by plaintiff to have been fabricated or, alternatively, to have been ineffectual by the terms of the consulting agreement) based on asserted illegality of the consulting agreement under federal securities laws (*see* 17 CFR 239.16b). If the traverse hearing is resolved

in plaintiff's favor, the IAS court must then decide whether the default should nonetheless be vacated based on the claimed reasonable excuse (CPLR 317, 5015; *Fidelity & Deposit Co. of Md. v Arthur Andersen & Co.*, 60 NY2d 693, 695; *Hunter v Enquirer/Star, Inc.*, 210 AD2d 32, 33). Defendants submitted an affidavit of an individual with personal knowledge who provided sufficient allegations regarding their defense; the only remaining issue will be whether defendants had a reasonable excuse for their default, itself dependent on many of the facts which need to be determined at the traverse hearing. Concur—Tom, J.P., Buckley, Friedman, Marlow and Gonzalez, JJ.