■ LAWRENCE A. OMANSKY et al., Appellants, v ROBERT GURLAND et al., Respondents, et al., Defendants. [771 NYS2d 501]—

Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 26, 2002, which, to the extent appealed from as limited by the briefs, granted the cross motions of defendants-respondents Robert Gurland, Mark Winkelman and 64 No More, LLC to dismiss the complaint on the grounds of lack of jurisdiction and collateral estoppel, imposed sanctions against plaintiff-appellant Lawrence Omansky in the amount of $10,000 and enjoined him or any of his affiliates from commencing any further actions or filing additional motions without judicial permission, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the cross motions denied, the complaint reinstated and the matter remanded to Supreme Court for a traverse hearing. Appeal from order, same court and

Justice, entered November 29, 2002, which denied plaintiffs-appellants' motion for reargument, recusal of Justice Tompkins and for a traverse hearing, unanimously dismissed, without costs, as academic.

This appeal is the latest arising out of a series of related actions commenced by plaintiff Lawrence A. Omansky (Omansky) concerning the sale of a commercial condominium unit owned by plaintiff 64 N. Moore Associates (64 Assoc.), a partnership of which Omansky is a partner. Defendants Robert Gurland, Mark Winkelman and Dru Whitacre are also partners of 64 Assoc., which, in addition to owning the commercial unit, also owns the remainder of the condominium building known as The Spice Building Condominium, also a defendant in this case. Defendants Gurland, Winkelman and Whitacre own residential condominiums in The Spice Building Condominium and reside there.

The instant dispute arose in October 1996 after 64 Assoc. received an offer from a third party, Hamilton, to buy the commercial unit for $380,000. In April 1997, Winkelman, as managing partner of 64 Assoc., advised the other partners that a meeting would be held on April 24, 1997 to discuss the Hamilton offer and the procedure for exercising the various rights of first refusal of the partners, the condominium and the individual condominium unit owners pursuant to the partnership agreement and condominium bylaws.

At the April 24th meeting, Whitacre formally tendered a written offer to purchase the commercial unit on behalf of a corporation affiliated with him. The Whitacre offer was for $5,000 more than the Hamilton offer, but since the corporation was an outsider to the partnership and condominium, its offer was subject to the first-refusal rights of the partners, the condominium and the individual unit owners, respectively. Thereafter, counsel to the partnership advised each partner by certified mail of the Whitacre offer, and of their right as partners of 64 Assoc. to exercise their right of first refusal within 10 days of receiving said notice. None of the partners exercised such right. Almost two months later, Gurland wrote to all condominium owners notifying them that none of the partners had exercised their first-refusal rights, that The Spice Building Condominium had 15 days to exercise its right, and if the condominium did not so act, then the individual unit owners would have 10 days thereafter to exercise their rights. After the board of The Spice Building Condominium declined to exercise its right, Gurland and Winkelman separately exercised their rights to purchase the commercial unit on or before July 25, 1997.

Based on the actions of Winkelman and Gurland, Whitacre and Omansky commenced separate actions, which were eventually consolidated. Whitacre sought specific performance of his corporation's written offer to purchase the commercial unit and Omansky sought, inter alia, damages for breach of fiduciary duty. However, in June 1998, Whitacre settled his action against Gurland and Winkelman (Whitacre settlement) in exchange for the return of his corporation's $100,000 down payment and an agreement whereby the partnership would sell the commercial unit to 64 No More, LLC (64 LLC), an entity controlled by Gurland and Winkelman.

Also in June 1998, the motion court ruled on various motions addressed to the Omansky complaint. Insofar as relevant, it found that two causes of action were abated by the Whitacre settlement, but that two others should not be dismissed due to the existence of factual disputes. It also dismissed Omansky's purported third-party complaint alleging causes of action against Lapidus & Smith, counsel for the partnership and condominium, as an improper attempt to amend the complaint. This Court affirmed this order on February 29, 2000 (*Omansky v 64 N. Moore Assoc.*, 269 AD2d 336 [2000]).[1]

On December 1, 1998, while his appeal of the above-mentioned June 1998 order was pending, Omansky commenced a separate action against Lapidus & Smith, making the same allegations as were made in the dismissed third-party action. On June 11, 1999, the motion court dismissed this complaint, finding that it was barred by the doctrines of res judicata and collateral estoppel, and imposed sanctions against Omansky in the amount of $2,500.

On June 15, 2000, this Court modified the June 11, 1999 order by reinstating Omansky's third cause of action and vacating the sanctions (*Omansky v Lapidus & Smith*, 273 AD2d 110 [2000]). We found that the complaint should not have been dismissed on res judicata or collateral estoppel grounds because the earlier dismissal of the related third-party action was not on the merits, and that the sanctions should be vacated due to this erroneous ruling. We further held that Omansky's cause of action brought in his individual capacity was sufficient to survive the defendant's pre-answer motion to dismiss.[2]

Meanwhile, Omansky, citing the delay in closing the sale of the commercial unit from 64 Assoc. to 64 LLC pursuant to the Whitacre settlement, as well as the inadequacy of use and oc-

1. Omansky has not pursued his surviving causes of action.
2. Apparently, Omansky has also abandoned this litigation.

cupancy collected by the partnership, commenced the instant action on February 8, 1999 by order to show cause (OTSC) against Winkelman, Gurland, Whitacre and 64 LLC alleging breach of fiduciary duty and breach of the stipulation and seeking legal fees. Omansky sought injunctive relief against the sale of the commercial unit to 64 LLC. The motion court signed the OTSC but denied any injunctive relief.

According to Omansky, his attorney effected personal service of the summons and complaint upon the defendants on February 9, 1999 and filed an affirmation of service to that effect. Notably, however, the captions of the OTSC and the summons and complaint were not identical, and neither The Spice Building Condominium nor 64 LLC were named as defendants on the summons and complaint. Also according to Omansky, counsel for defendants requested an extension of time to answer the complaint and Omansky's attorney, over his objection, granted such request. During this period, Omansky claims that the sale of the commercial unit to Gurland and Winkelman was completed.

On March 24, 1999, defendants moved to dismiss for lack of personal jurisdiction, alleging numerous deficiencies in service. On May 27, 1999, approximately one month prior to the court's decision, Omansky had each of the defendants personally reserved with the original OTSC and summons and complaint and also filed another OTSC to set aside the sale and to hold defendants' attorney in contempt. There are affirmations of service in the record on appeal which reflect such re-service.

In a decision dated June 30, 1999 and entered October 5, 1999, the motion court granted defendants' motion to dismiss the action "based upon jurisdiction and as being barred by collateral estoppel." It also increased sanctions against Omansky to $10,000 and directed defendants to settle an order which would include a provision enjoining Omansky from commencing any further lawsuits without permission of the court. Both parties were apparently unaware of the court's ruling until May 2002, when the court signed the proposed order submitted by defendants, which was entered on June 26, 2002.

Omansky filed a notice of appeal on July 24, 2002 and a motion for reargument, recusal of Justice Tompkins and a traverse hearing on September 30, 2002. On November 29, 2002, Justice Tompkins denied Omansky's motion without comment.

On appeal, Omansky argues that the motion court should not have dismissed his complaint for lack of jurisdiction and collateral estoppel. We agree. Addressing the collateral estoppel issue first, we find that neither the motion court nor defendants have

articulated any basis for the application of that doctrine to bar the instant action. We note that Omansky's present complaint is premised largely on defendants' conduct in the aftermath of the June 1998 Whitacre settlement, and that such allegations are distinct from those raised in his 1997 action. Nor has there been any adjudication on the merits of Omansky's claims against these defendants in any of Omansky's prior proceedings. Accordingly, as the claims in Omansky's present action were not "actually litigated and determined" in a prior action (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985]), there is no identity of issues between the present action and the prior determinations and collateral estoppel does not apply.

We also vacate the motion court's imposition of sanctions against Omansky. In one of Omansky's prior appeals, we vacated an earlier award of sanctions against him since it was based on the motion court's erroneous application of the doctrine of collateral estoppel. Given our present holding that collateral estoppel does not apply here, the same result is required.

On the question of personal jurisdiction, we find that factual disputes exist as to the validity of service upon the defendants which should be addressed at a traverse hearing (*see Ananda Capital Partners v Stav Elec. Sys.*, 301 AD2d 430 [2003]; *Hinds v 2461 Realty Corp.*, 169 AD2d 629, 631-632 [1991]).

For instance, although Gurland argues that Omansky's February 1999 service on his wife at their apartment was deficient since it was not followed by a mailing (CPLR 308 [2]), Omansky disputes this and alleges that such mailing was accomplished, but was mistakenly omitted from the affirmation of service. Further, although Winkelman points out alleged flaws in Omansky's attorney's original affirmation of service and papers served, he failed to submit an affidavit in which he personally denied receiving service (*see Walkes v Benoit*, 257 AD2d 508 [1999]). In addition, assuming Omansky can demonstrate proper service on Winkelman or Gurland, such service would also suffice to acquire jurisdiction over 64 LLC, of which both Gurland and Winkelman are apparently members (*see* CPLR 311-a [a]).

In short, although the practices of Omansky and his counsel were shoddy at best, Omansky's May 27, 1999 re-service of all defendants and his contention that the technical deficiencies of the initial service were curable warrant a traverse hearing to fully explore the question of whether jurisdiction was obtained

over the moving defendants.[3] We take no position on the substantive merit of Omansky's claims.

The appeal from the November 29, 2002 order is dismissed. The portion of said order denying reargument is not appealable and the denial of Omansky's motion for a traverse hearing is rendered academic by virtue of this Court's disposition on the appeal of the June 26, 2002 order. The recusal motion has been rendered moot by the retirement of Justice Tompkins from the bench. Concur—Buckley, P.J., Tom, Ellerin, Marlow and Gonzalez, JJ.

---

**3.** As defendants The Spice Building Condominium and Dru Whitacre did not move for dismissal before the motion court, the action should not have been dismissed as against them.