■ NYCTL 1998-1 Trust and The Bank of New York, as Collateral Agent and Custodian, Respondent, v Jacob Rabinowitz, Appellant, et al., Defendants. [777 NYS2d 483]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about June 5, 2003, which denied the motion of

defendant Jacob Rabinowitz (defendant) for an order staying or canceling a foreclosure sale and setting aside the judgment of foreclosure and sale for nonservice of process, unanimously reversed, on the law and the facts, without costs, the denial of the motion vacated, the matter remanded to Supreme Court for a traverse hearing and further proceedings consistent with the determination rendered after such hearing. Appeal from order, same court and Justice, entered October 9, 2003, which denied defendant's motion for leave to renew, unanimously dismissed, without costs, as academic, in light of the foregoing.

While a proper affidavit of a process server attesting to personal delivery upon a defendant constitutes prima facie evidence of proper service, a sworn nonconclusory denial of service by a defendant is sufficient to dispute the veracity or content of the affidavit, requiring a traverse hearing (*see Omansky v Gurland*, 4 AD3d 104, 108 [2004]; *Haberman v Simon*, 303 AD2d 181 [2003]; *Ananda Capital Partners v Stav Elec. Sys.*, 301 AD2d 430 [2003]; *Stylianou v Tsourides*, 73 AD2d 642 [1979]).

In the instant matter, the affidavit of service avers that substituted service upon defendant was effectuated on April 17, 2002 by service upon defendant's son Randy Rabinowitz, a 26-year-old white male standing approximately 5 feet, 10 inches and weighing about 175 pounds. In response, defendant attested that although he has no son, he has a daughter named Randy Rabinowitz, who is a 45-year-old, full-time resident of Washington, D.C., standing 5 feet, 4 inches tall and weighing 125 pounds. Defendant further averred that he knew of no person in his residence on the day in question fitting the description contained in the affidavit of service. Inasmuch as defendant properly brought the purported deficiencies of the affidavit of service to the IAS court's attention in his initial supporting affirmation and his reply papers merely amplified his earlier contentions, the IAS court should have considered defendant's reply (*see Stylianou v Tsourides, supra; see also Whalen v Hogue*, 276 AD2d 975 [2000]). In light of these sharp factual disputes as to the validity of service upon defendant, the IAS court erred in failing to resolve this threshold issue of personal service with a traverse hearing.

The IAS court, however, properly applied RPAPL 1341 to the instant tax lien foreclosure proceeding (*see NYCTL 1996-1 Trust v LFJ Realty Corp.*, 307 AD2d 957 [2003], *lv dismissed* 1 NY3d 622 [2004]). Similarly, the IAS court appropriately determined that, contrary to defendant's contentions, the purported deficiencies in the notice of sale did not void the sale.

We have considered defendant's remaining contentions and

find them unavailing. Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.