Nationstar Mtge. LLC v McCallum (2018 NY Slip Op 08755)





Nationstar Mtge. LLC v McCallum


2018 NY Slip Op 08755


Decided on December 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2018

Richter, J.P., Manzanet-Daniels, Tom, Gesmer, Kern, JJ.


7917 382890/09

[*1]Nationstar Mortgage LLC, Plaintiff-Appellant,
v
Nicola McCallum, Defendant-Respondent, Clevon McCallum, et al., Defendants.


Sandelands Eyet LLP, New York (Margaret S. Stefandl of counsel), for appellant.
Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about February 14, 2017, which granted defendant Nicola McCallum's motion to vacate the judgment of foreclosure and order of reference and dismiss the action as against her, unanimously reversed, on the law, without costs, and the matter remanded for a traverse hearing and further proceedings consistent with the determination rendered after such hearing.
In this foreclosure matter commenced in 2009, plaintiff's affidavit of service indicated that service of the summons, complaint and RPAPL 1303 notice was effectuated upon defendant Nicola McCallum pursuant to CPLR 308(2) by serving an individual, who allegedly identified himself as her brother, at her "dwelling place," and mailing the same documents to that address.
In response, defendant averred that she was never served with the summons and complaint, that she does not reside at the address where service was made, and that her primary residence has always been at the property that is the subject of this foreclosure action.
"While a proper affidavit of a process server attesting to personal delivery upon a defendant constitutes prima facie evidence of proper service, a sworn non-conclusory denial of service by a defendant is sufficient to dispute the veracity or content of the affidavit, requiring a traverse hearing" (NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]; see also Bank of Am., N.A. v Diaz, 160 AD3d 457, 458-459 [1st Dept 2018]). The competing averments concerning plaintiff's residence at the time of service raise a factual issue concerning whether the service address was her "dwelling place or usual place of abode" at the time of service (CPLR 308[2]) warranting a traverse hearing concerning whether defendant was properly served with the summons, complaint and RPAPL 1303 notice (see 160 AD3d at 458-459).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 20, 2018
CLERK