Matter of Funches v Vance (2020 NY Slip Op 02542)





Matter of Funches v Vance


2020 NY Slip Op 02542


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11429 101989/16

[*1]In re Trevis L. Funches, Petitioner-Appellant,
v
Cyrus R. Vance, Jr., etc., et al., Respondents-Respondents.


Trevis L. Funches Sr., appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for municipal respondent.



Judgment, Supreme Court, New York County (Debra A. James, J.), entered October 18, 2018, denying the petition brought pursuant to CPLR article 78 and the Freedom of Information Law (FOIL) for records relating to petitioner's May 2, 2001 arrest and subsequent conviction for multiple counts of first-degree and second-degree robbery and second-degree and third-degree criminal possession of a weapon under New York County Indictment No. 2763/01 and dismissing the proceeding, unanimously modified, on the law, the denial of the petition and dismissal of the proceeding insofar as it relates to FOIL requests propounded on respondents in 2016 vacated, and the proceeding remanded to Supreme Court for a traverse hearing as to respondent New York County District Attorney (DANY), and otherwise affirmed, without costs.
Petitioner never administratively appealed any of the FOIL requests he propounded on respondents in 2003, and his time to do so lapsed long ago (see Public Officers Law [POL] § 89[4][a]). Accordingly, to the extent it relates to the 2003 FOIL requests, the petition was correctly dismissed for failure to exhaust administrative remedies (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Cross v Russo, 132 AD3d 454 [1st Dept 2015]). However, petitioner did not fail to exhaust his administrative remedies with respect to his 2016 FOIL claims. Accordingly, those claims are reinstated.
In the order to show cause commencing this proceeding, Supreme Court directed petitioner to serve respondents, the Attorney General, and Corporation Counsel. Petitioner filed an affidavit of service averring that, on December 28, 2016, he served DANY, Corporation Counsel, and the Attorney General.
Petitioner's failure to serve respondent NYPD mandates dismissal of the petition to the extent it relates to FOIL requests propounded by petitioner against NYPD in 2016 (see Matter of Smith v New York County Dist. Attorney's Off., 104 AD3d 559 [1st Dept 2013]; Matter of Ruine v Hines, 57 AD3d 369 [1st Dept 2008]).
Petitioner's facially adequate affidavit of service on respondent DANY notwithstanding, DANY contests service, necessitating a traverse hearing (see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]).
In light of the dismissal against NYPD, we need not reach the issue of whether the parties were [*2]properly joined in this proceeding.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK