**State Farm Mut. Auto. Ins. Co. v A. Dowd Med., P.C.**

2024 NY Slip Op 31965(U)

June 5, 2024

Supreme Court, New York County

Docket Number: Index No. 154477/2022

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LOUIS L. NOCK**     **PART**        **38M**

*Justice*

-------------------------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM INDEMNITY COMPANY, STATE FARM GUARANTY INSURANCE COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY,

Plaintiffs,

- v -

A. DOWD MEDICAL, P.C.,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154477/2022 |
| **MOTION DATE** | 02/20/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15

were read on this motion for        DEFAULT JUDGMENT     .

Upon the foregoing documents, plaintiffs' motion for entry of a default judgment is granted. CPLR 3215 provides "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). Such dismissal is not discretionary in the absence of a showing of sufficient cause (*e.g. Pipinias v J. Sackaris & Sons, Inc.,* 116 AD3d 749, 751 [2d Dept 2014]). Plaintiffs served the summons and complaint in this action on defendant A. Dowd Medical, P.C. by service on the Secretary of State on June 3, 2022 (NYSCEF Doc. No. 3). Service was complete upon service (Business Corporation Law § 306[b]). Defendant's time to answer expired and defendant was in default as of July 3, 2022 (CPLR 3012[c]). Pursuant to CPLR 3215(c), plaintiffs' time to seek entry of a default judgment expired on July 3, 2023, six and a half months prior to the date plaintiffs filed the instant motion, January 18, 2024.

**154477/2022 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL vs. A. DOWD MEDICAL, P.C.**
**Motion No. 001**

**Page 1 of 4**

1 of 4

[* 1]

However, plaintiffs have shown sufficient cause why the complaint should not be dismissed as abandoned. Plaintiffs affirm that they never intended to abandon this action and that they were attempting to resolve it by a stipulation of discontinuance, but were unable to reach an agreement with defendant (NYSCEF Doc. No. 6 ¶ 7-8). Settlement discussions constitute sufficient cause not to dismiss a case as abandoned (*see Brooks v Somerset Surgical Assoc.*, 106 AD3d 624, 625 [1st Dept 2013] ["Plaintiff demonstrated she did not intend to abandon the action, but rather had been in discussions with the insurance carrier and had engaged in discovery proceedings"]; *Hinds v. 2461 Realty Corp.*, 169 A.D.2d 629, 632, [1st Dept 1991] ["the contact by plaintiffs' attorneys with the defendants' insurer, while not the equivalent of ongoing negotiations, sufficiently indicates that plaintiffs did not intend to abandon the action"]). Furthermore, defendant has made no showing that it was prejudiced by the delay in seeking a default against it (*see Hinds*, 169 A.D.2d 629 at 632 ["the defendants have not demonstrated that they have been prejudiced by the delay in the prosecution of this action"]).

Accordingly, it is hereby

ORDERED that plaintiffs' motion for entry of a default judgment is granted, for the reasons set forth in the motion papers (NYSCEF Doc. Nos. 6, 14) and the exhibits attached thereto, in which the court concurs; and it is further

ADJUDGED and DECLARED that plaintiffs STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM INDEMNITY COMPANY, STATE FARM GUARANTY COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY owe no duty to provide, pay or honor any current or future claim from defendant A. DOWD MEDICAL, PC for no-fault benefits under STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM INDEMNITY COMPANY, STATE FARM

**154477/2022    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL vs. A. DOWD MEDICAL, P.C.**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[* 2]

GUARANTY COMPANY, and/or STATE FARM FIRE AND CASUALTY COMPANY for the

claims referenced in complaint (*see* appendix of claims, exhibit A, NYSCEF Doc. No. 2), to wit:

1. 3212M837D
2. 3215B336P
3. 3214L137F
4. 3214M690P
5. 3215N737T
6. 3216G951J
7. 3216H630L
8. 3216Z712V
9. 5216Z127D
10. 3212N870L
11. 3215J132F
12. 32G8774M6
13. 3215H170K
14. 3217F591J
15. 3218P218N
16. 3220C625G
17. 5218H243F
18. 3217F546H
19. 3217X661P
20. 3219S546H
21. 3220D802B
22. 3220S627H
23. 3221B073R
24. 3221J156L
25. 3218S258P
26. 3219L527J
27. 3220S798V
28. 5220H814C
29. 2923Z468R
30. 3221L027R
31. 3223B805X
32. 3224C758S
33. 3226M700Z
34. 3205S331T

**154477/2022   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL vs. A.
DOWD MEDICAL, P.C.
Motion No.  001**

**Page 3 of 4**

3 of 4

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 6/5/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**154477/2022   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL vs. A. DOWD MEDICAL, P.C.**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]