| |
|---|
| **Matter of Heritage Found. v Bragg** |
| 2024 NY Slip Op 34362(U) |
| December 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155430/2023 |
| Judge: Shahabuddeen Abid Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: HON. SHAHABUDDEEN ABID ALLY | PART 16M |
| *Justice* | |

| | | |
|---|---|---|
| In the Matter of | INDEX NO. | 155430/2023 |
| | MOTION DATE | 6/4/2024 |
| HERITAGE FOUNDATION | | 8/15/2024 |
| -and- | MOTION SEQ. NO. | 001 & 003 |
| MIKE HOWELL, | | |
| Petitioners, | | |
| For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules, | **DECISION & ORDER** | |
| -against- | | |
| ALVIN BRAGG, in his official capacity as DISTRICT ATTORNEY OF THE COUNTY OF NEW YORK, | | |
| Respondent. | | |

> The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to **ARTICLE 78 (FOIL):** 1-15, 19, 21, 26, 29, 32-55
>
> The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 3) to **DISMISS:** 58-61

In this Article 78 proceeding, commenced on June 15, 2023, pursuant to Verified Petition, petitioners HERITAGE FOUNDATION and MIKE HOWELL (collectively, "Petitioners") seek an order and judgment: (1) declaring that the records requested in their Freedom of Information Law ("FOIL") request are public records and are subject to release under FOIL; (2) ordering that respondent ALVIN BRAGG, in his official capacity as DISTRICT ATTORNEY OF THE COUNTY OF NEW YORK ("DANY"), release the requested records, subject to legitimate exemptions, and estopping DANY from seeking costs and fees; and (3) awarding Petitioners attorney's fees and litigation costs. (NYSCEF Doc. 1) Petitioners filed an Order to Show Cause on June 21, 2023, and the Court signed it on June 27, 2023. (*Id.* Docs. 19, 21), On July 21, 2023, DANY filed an Answer in

Special Proceeding, contending that Petitioners' application is premature because they failed to exhaust their administrative remedies and, in any event, their contentions are substantively meritless. (*Id.* Doc. 26) DANY also argues that attorney's fees and litigation costs are unwarranted. Petitioners filed a reply on August 8, 2023. (*Id.* Doc. 29)

On July 29, 2024, DANY moved by Notice of Motion to dismiss the petition as moot. (*Id.* Doc. 58) Petitioners filed opposition on August 7, 2024, and DANY filed a reply on August 14, 2024. (*Id.* Docs. 60-61)

## I.    BACKGROUND

By letter dated March 21, 2023, Petitioners submitted a FOIL request (the "Initial FOIL Request") to DANY requesting seven categories of records:

1.    All communications between Representative Daniel Goldman and Manhattan District Attorney Alvin Bragg, or any person communicating explicitly on behalf of the aforementioned persons, containing the following terms: "retainer agreement," "Trump," "former president," "Trump Organization," "GOP," "Stormy Daniels," "hush money," "Michael Cohen," "business records," "130,000," "Hope Hicks," "Kellyanne Conway," "investigation," "indictment," "conspiracy," "campaign finance," "2016 election," OR "grand jury." ("Item 1")

2.    All communications between any employee of the Manhattan District Attorney's Office and any employee of the United States Department of Justice[ ] containing the following terms: "2016 election," "retainer agreement," "Trump," "former president," "Trump Organization," "Stormy Daniels," "hush money," "Michael Cohen," "business records," "130,000," "Hope Hicks," OR "Kellyanne Conway." ("Item 2")

3.    All communications between any employee of the Manhattan District Attorney's Office and the domain that ends in "eop.gov" containing the following terms: "2016 election," "retainer agreement," "Trump," "former president," "Trump Organization," "Stormy Daniels," "hush money," "Michael Cohen," "business records," "130,000," "Hope Hicks," OR "Kellyanne Conway." ("Item 3")

4.    [A]ll communications between any employee of the Manhattan DA's office and: (1) member of congress, (2) congressional staff, or (3) email domain ending in house.gov containing the following search terms: "2016 election," "retainer agreement," "Trump," "former president," "Trump Organization," "Stormy Daniels," "hush money," "Michael Cohen," "business records," "130,000," "Hope Hicks," OR "Kellyanne Conway." ("Item 4")

5.    All communications between any employee of the Manhattan DA's office and: (1) member of the Senate, (2) senate staff, or (3) email domain ending in senate.gov

[* 2]

containing the following search terms: "2016 election," "retainer agreement," "Trump," "former president," "Trump Organization," "Stormy Daniels," "hush money," "Michael Cohen," "business records," "130,000," "Hope Hicks," OR "Kellyanne Conway." ("Item 5")

6.  All communications between any employee of the Manhattan District Attorney's Office and the domain that ends in "fbi.gov" containing the following terms: "2016 election," "retainer agreement," "Trump," "former president," "Trump Organization," "Stormy Daniels," "hush money," "Michael Cohen," "business records," "130,000," "Hope Hicks," OR "Kellyanne Conway." ("Item 6")

7.  All records notating, memorializing, or summarizing a communication, or a portion thereof, responsive to Specifications 1–6. ("Item 7")

(*Id.* Doc. 12) The time period of the records requested was from January 1, 2022, to the "present" (*i.e.*, the date of request, March 21, 2023). (*Id.*)

On March 27, 2023, a Records Access Officer (the "RAO") for DANY issued a decision on the Initial FOIL Request. (*Id.* Doc. 13) The RAO responded to the first part of Item 1 by stating that "a name search was conducted for potentially responsive communications in the form of e-mails between 'District Attorney Alvin Bragg' and 'Daniel Goldman,' currently available on the office server, and no records were found" and certifying and affirming that "a diligent search has been conducted and it has been determined that responsive records do not exist." With regard to the second part of Item 1, as well as Items 2 through 7, the RAO denied those requests as "overly broad" under Public Officers Law ("POL") § 89(3), which requires that a FOIL request "state with reasonable specificity what is being sought to enable an agency to identify it or determine if it possesses it."

On April 17, 2023, Petitioners filed an appeal of the RAO's decision. (*Id.* Doc. 14) In their appeal, Petitioners disagreed with the RAO's determination that Items 2 through 7 did not "reasonably describe" the records sought and that, to the extent that the RAO had denied those requests because they represented an undue burden, DANY was nonetheless required to comply with POL §§ 87(1)(c) and 89(3)(a) by providing a cost estimate for retaining an outside vendor to facilitate DANY's search for responsive records. Petitioners also objected that the RAO did not address the second part of Item 1, and with regard to the first part of Item 1, Petitioners argued that DANY's search had been deficient.

Nevertheless, despite their objections to the RAO's determination, Petitioners voluntarily agreed to narrow their request "to make an effort to accommodate DA Bragg's concerns." Specifically, in their appeal Petitioners requested that DANY limit its search to the following custodians: (1) "District Attorney Bragg"; (2) "the Executive Office of District Attorney Bragg"; (3) "any person in the Executive Office of District Attorney Bragg"; and (4) "any person who performed any work on the investigation or prosecution of President Trump or his immediate family, Barry Weisselberg or his immediate family, or the Trump Organization" (the "Amended FOIL Request").

On April 28, 2023, DANY's FOIL Appeals Officer (the "AO") issued a decision on Petitioners' appeal. (*Id.* Doc. 15) In light of Petitioners' voluntary narrowing of the Initial FOIL Request's search parameters, the AO remanded the request "to the RAO so that she may conduct a search consistent with them." Additionally, the AO noted that, because "the agency contemplates additional agency action regarding your request, this letter does not constitute a final agency action." The AO also advised Petitioners that they could expect an update from the RAO on the status of the processing of the request within 90 days, or by July 27, 2023. As to the RAO's denial of the second part of Item 1 and the entirety of Items 2 through 7, the AO agreed that these requests "did not provide reasonable specificity to enable the agency to conduct a search and identify potentially responsive records," and that complying with those requests would be "unduly burdensome."

On June 15, 2023, prior to receiving any update from the RAO on the Amended FOIL Request, Petitioners commenced the instant proceeding.

On September 25, 2023, the RAO sent a letter to Petitioners clarifying her initial certification concerning the search conducted as to Item 1. (*Id.* Doc. 31) During a hearing held before the Court on September 26, 2023, counsel for Petitioners informed the Court that, based on the September 25 revised certification, the issue of the certification's sufficiency or validity had been resolved.

On June 21, 2024, the RAO issued her post-remand determination, in which she denied the second part of Item 1 as overbroad because DANY does not maintain lists of Representative Goldman's employees, and DANY could not "reasonably analyze every communication to or

from our own staff to determine" whether a sender or recipient of those communications worked for Representative Goldman. (*Id.* Doc. 55) However, the RAO stated that any communications sought by the second part of Item 1 would effectively have been captured by DANY's search conducted related to Item 4 for communications sent to or from email addresses ending in "house.gov."

By letter dated July 22, 2024, Petitioners appealed the RAO's determination on the Amended FOIL Request. (*Id.* Doc. 59) To date, no party has informed the Court whether there has been a determination on the appeal.

Based on the RAO's June 21, 2024 determination and Petitioner's July 22, 2024 appeal, DANY moved to dismiss the proceeding as moot.

## II. DISCUSSION

"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law." *Watergate II Apts. v. Buffalo Sewer Auth.*, 46 N.Y.2d 52, 57 (1978); *Borrero v. Banks*, 212 A.D.3d 496, 497 (1st Dep't 2023); *Funches v. Vance*, 182 A.D.3d 516, 516 (1st Dep't 2020). Thus, for an Article 78 petition to be ripe for judicial determination, there must first be a "final administrative determination." *Cross v. Russo*, 132 A.D.3d 454, 454 (1st Dep't 2015); *Braxton v. Comm'r, N.Y.C. Police Dep't*, 283 A.D.2d 253, 253 (1st Dep't 2001). "The Public Officers Law confers upon the court, subject matter jurisdiction in a CPLR Article 78 proceeding brought pursuant to FOIL, only after a request for records has been made and denied, and then further denied upon a timely administrative appeal." *Streetsblog-NYC v. City of N.Y.*, No. 159804/2022, 2023 WL 2586155, at *2 (N.Y. Sup. Ct. N.Y. Cty. Mar. 21, 2023) (citing POL § 89(4)(b)).

Here, DANY argues that Petitioners commenced this proceeding prematurely because the AO remanded Petitioners' Initial FOIL Request to the RAO to perform a search consistent with the narrowed search parameters and thus there was no final administrative determination. This Court agrees. On appeal to the AO, Petitioners themselves voluntarily requested that DANY search a narrower set of custodians for communications responsive to the second part of Item 1 and Items 2 through 7. The AO did not deny Petitioners access to documents based on those voluntarily amended search parameters; rather, she remanded to the RAO for determination,

resulting in the new Amended FOIL Request, *see Reclaim the Records v. N.Y.S. Dep't of Health*, 185 A.D.3d 1268, 1272 (3d Dep't 2020) (holding that "amendment" of a FOIL request can "result[] in a new determination by respondent and, if necessary, a new administrative appeal"), and specifically stated that, because "the agency contemplates additional agency action regarding your request, this letter does not constitute a final agency action." When Petitioners commenced this proceeding, there had been no determination by the RAO on the Amended FOIL Request, let alone a final administrative determination of that request on appeal to the AO. Notably, this is not a case in which the AO's letter "clearly established that [DANY] would not release any documents to [P]etitioner[s] . . . absent a court order," such that resort to an administrative remedy would be futile. *See Friedman v. Rice*, 30 N.Y.3d 461, 473 (2017). The AO made no suggestion in her letter that DANY had no intention of ever producing documents responsive to the Amended FOIL Request.

Petitioners argue that the AO's provision that the RAO would provide Petitioners with an update within 90 days constitutes a constructive denial of the Amended FOIL Request. But, as DANY argues, Petitioners first made those arguments in reply, and thus they are not properly before the Court.

But even if Petitioners' constructive-denial arguments were properly before the Court, with the issuance of the RAO's June 21, 2024 determination on the Amended FOIL Request and production of responsive communications, the need to deny Petitioners' application becomes even clearer. Now there has been an initial determination by DANY on the Amended FOIL Request. An appeal has been filed and, to the Court's knowledge, is pending. The June 21, 2024 determination and production therefore moots any prior claim that the Amended FOIL Request was constructively denied. To the extent that Petitioners argue in opposition to the motion to dismiss that certain of their claims for relief in the Verified Petition remain, because they still challenge the sufficiency of DANY's production, the propriety of its withholdings based on FOIL exemptions, and the lack of an adequate withholding log, the Court lacks subject-matter jurisdiction over those claims. This is because the Verified Petition that confers subject matter on this Court simply contains *no* arguments concerning the June 21, 2024 determination on the Amended FOIL Request—and nor could it, obviously, because the Verified Petition was filed more than a year before the determination was made. It would clearly be inappropriate for the Court to now

issue a ruling on the June 21, 2024 determination and production without a petition addressed to them or even an appeal decision from the agency. Petitioners are free to commence a new Article 78 proceeding challenging any of DANY's decisions with which Petitioners take issue once a final administrative determination on the Amended FOIL Request is made—*i.e.*, once the AO rules on Petitioners' July 22, 2024 appeal.

Accordingly, it is hereby:

**ORDERED** that DANY's motion to dismiss (Seq. No. 3) is **GRANTED**, and Petitioners' Order to Show Cause (Seq. No. 1) is **DENIED**; and it is further

**ORDERED and ADJUDGED** that Petitioners' Verified Petition is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that DANY shall serve a copy of this Decision and Order upon Petitioners and the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (**Revised August 15, 2019**);[1] and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied; and it is further

**ORDERED** that the Clerk shall mark **Motion Sequences 1 and 3** decided in all court records; and it is further

**ORDERED** that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision and order of the Court.

| December 16, 2024 | | | | | |
|---|---|---|---|---|---|
| DATE | | | | SHAHABUDDEEN ABID ALLY, A.J.S.C. | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| MOT SEQ 1: | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| MOT SEQ 3: | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | SUBMIT ORDER | STAY CASE |

[1] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

155430/2023 Heritage Foundation v. Alvin Bragg
Mot. Seq. Nos. 001 & 003