Colonial Credit Corp. v Coker (2025 NY Slip Op 51472(U))

[*1]

Colonial Credit Corp. v Coker

2025 NY Slip Op 51472(U)

Decided on September 18, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570810/25

Colonial Credit Corporation, AAO Aspire Card, Plaintiff-Respondent, 
against
Debra Coker, Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, New York County (Emily Morales-Minerva, J.), entered on September 14, 2022, which denied her motion to vacate a default judgment pursuant to CPLR 5015 (a) (4) and CPLR 5015 (a) (1).

Per Curiam.
Order (Emily Morales-Minerva, J.), entered on September 14, 2022, reversed, without costs, defendant's motion to vacate the default judgment is granted to the extent of setting the matter down for a traverse hearing to determine whether defendant was properly served and further proceedings in accordance herewith.
While plaintiff's affidavit of service constitutes prima facie evidence of proper service (see Wells Fargo Bank, N.A. v Njoku, 148 AD3d 438 [2017]), defendant's sworn denial raises a factual issue concerning whether a purported "co-tenant" named "Will" was a person of suitable age and discretion at defendant's residence, thus necessitating a traverse hearing (see NYCTL 1998-1 Trust & Bank of NY v Rabinowitz, 7 AD3d 459, 460 [2004]).
With respect to the portion of defendant's motion seeking relief pursuant to CPLR 5015 (a) (1), the court's determination that defendant lacked a reasonable excuse for her default apparently turned on its rejection of defendant's sworn assertion that she was not served with the summons and complaint in 2006, and that the first notice she received was a notice of garnishment in March 2022. However, those assertions raise issues of credibility to be explored at the hearing (see Marable v Williams, 278 AD2d 459, 460 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: September 18, 2025