Colorado Capital Invs. v Taveras (2026 NY Slip Op 50306(U))

[*1]

Colorado Capital Invs. v Taveras

2026 NY Slip Op 50306(U) [88 Misc 3d 131(A)]

Decided on March 13, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 13, 2026
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

570011/26

Colorado Capital Investments, Successor in
Interest to Discover, Plaintiff-Respondent,
againstGabriela Taveras, Defendant-Appellant.

Defendant appeals an order of the Civil Court of the City of New York, Bronx County
(Jessica I. Bourbon, J.), dated October 10, 2024, which denied her motion to vacate a default
judgment pursuant to CPLR 5015 (a) (4) and CPLR 5015 (a) (1).

Per Curiam.
Order (Jessica I. Bourbon, J.), dated October 10, 2024, reversed, without costs, defendant's
motion to vacate the default judgment is granted to the extent of setting the matter down for a
traverse hearing to determine whether defendant was properly served, and for further proceedings
in accordance herewith.
"While a proper affidavit of a process server attesting to personal delivery . . . constitutes
prima facie evidence of proper service, a sworn nonconclusory denial of service by a defendant is
sufficient to dispute the veracity or content of the affidavit, requiring a traverse hearing"
(NYCTL 1998-1 Trust & Bank of NY v Rabinowitz, 7 AD3d 459, 460 [2004];
see also Bank of Am., N.A. v Diaz, 160 AD3d 457, 458-459 [2018]). On this record,
defendant's affidavit and supporting documentary evidence raise a factual issue as to whether the
"affix and mail" method of service was effectuated at the wrong apartment in the building where
defendant resided.
Contrary to plaintiff's assertions, a motion pursuant to CPLR 5015 (a) (4) has no stated time
limit and can be made at any time (see Caba v Rai, 63 AD3d 578, 580 [2009]). Nor can
defendant be deemed to have waived her jurisdictional objection where no showing was made
that defendant "explicitly or implicitly participated in the action, thus acknowledging the validity
of the judgment, or demonstrated a lack of good faith or delay in asserting [her] rights"
(HSBC Bank USA v A & R Trucking Co., Inc., 66 AD3d 606, 607 [2009]). The
mere fact that defendant made a single payment pursuant to a restraint on her bank account more
than one year earlier "without taking some action is not, without more, a proper basis for finding
waiver of the ability to seek relief under CPLR 5015 (a) (4)" (Esgro Capital Mgt., LLC v
Banks, 222 AD3d 433, 433 [2023]; see also Wilmington Sav. Fund Socy., FSB v
Akitoye, 237 AD3d 782, 784 [2025]).
"Whether or not service was properly effectuated is a threshold issue to be determined before
consideration of discretionary relief pursuant to CPLR 5015 (a) (1)" (Marable v
Williams, 278 AD2d 459, 459 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: March 13, 2026